**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Kevin Wayne SNYDER, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 27, 2004.

Filed March 3, 2005.

Gregory A. Stuck, Northumberland, for appellant.

William Cole, Asst. Dist. Atty., Sunbury, for Com., appellee.

BEFORE: STEVENS, McCAFFERY and TAMILIA, JJ.

OPINION BY TAMILIA, J.:

¶ 1 Kevin Snyder appeals from the August 29, 2003 judgment of sentence of an aggregate 15 to 30 years imprisonment imposed after he was convicted of two counts each of rape,[1] involuntary deviate sexual intercourse,[2] statutory sexual assault,[3] indecent assault,[4] and corruption of

---

**1.** 18 Pa.C.S.A. § 3121(c). This provision which provided a person commits a felony of the first degree when he or she engages in sexual intercourse with a complainant who is less than 13 years of age, was deleted by 2002, Dec. 9, P.L. 1350, No. 162, § 2, effective in 60 days. The statute as amended includes an identical provision at § 3121 **Rape, (c) Rape of a child.**

**2.** *Id.,* at § 3123(a)(6). Section 3123(a)(6) which provided a person commits a felony of the first degree when he or she engages in deviate sexual intercourse with a complainant who is less than 13 years of age, was also deleted by 2002, Dec. 9, P.L. 1350, No. 162, § 2, effective in 60 days. The statute as amended includes an identical provision at § 3123 **Involuntary deviate sexual intercourse, (b) Involuntary deviate sexual intercourse with a child.**

**3.** *Id.,* at § 3122.1.

**4.** *Id.,* § 3126(a)(7).

minors.[5] He also appeals from the August 29, 2003 Order by which the court determined him to be a sexually violent predator (SVP) pursuant to Megan's Law II.[6]

¶ 2 The convictions are based on evidence that, when the victim was approximately seven years old, appellant touched her in her "private spots" with his fingers, tongue, or machine (vibrator), made her wash his penis and suck on it until "whitish liquid" came out, made her swallow his semen, urinated on her while she was in the bathtub, made her watch and participate when appellant and the victim's mother, appellant's co-defendant, were having sexual relations, and when appellant and another woman, Diana Lupold, another co-defendant, were having sexual relations, and forced her, *inter alia*, to perform oral sex on all three co-defendants. N.T., Trial, 3/20/03, at 28–46, 109–120.

¶ 3 We first address the Commonwealth's allegation that the appeal should be quashed due to appellant's failure to comply with Pennsylvania Rules of Appellate Procedure 2111, **Brief of the Appellant**; 2115, **Order or Other Determination in Question**; 2116, **Statement of Questions Involved**; 2117, **Statement of the Case**, and 2118, **Summary of argument**. We note with displeasure that appellant has, in fact, failed to comply with these rules. The most egregious of these failures, however, and the one that most impacts our review, is his failure to comply with Rule 2116, **Statement of Questions Involved**, which provides in pertinent part:

(a) **General Rule.** The statement of the questions involved must state the question or questions in the briefest and most general terms, without names, dates, amounts or particulars of any kind. *It should not ordinarily exceed 15 lines, must never exceed one page, and must always be on a separate page, without any other matter appearing thereon. This rule is to be considered in the highest degree mandatory, admitting of no exception . . . .*

Pa.R.A.P. 2116(a) (emphasis supplied).

¶ 4 Appellant has listed 14 very verbose issues which span three pages of his brief. Appellant's brief, at 1–3. "[T]he effectiveness of appellate advocacy may suffer when counsel raises numerous issues, to the point where a presumption arises that there is no merit to any of them." *Commonwealth v. Davidson*, 860 A.2d 575, 579 (Pa.Super.2004), *quoting Rabutino v. Freedom State Realty Co.*, 809 A.2d 933, 936 n. 3 (Pa.Super.2002); *see also Estate of Lakatosh*, 441 Pa.Super. 133, 656 A.2d 1378, 1380 n. 1 (1995), *quoting United States v. Hart*, 693 F.2d 286, 287 n. 1 (3d. Cir. 1982). We could quash this appeal as a result of this failure. *See* Pa.R.A.P. 2101, **Conformance with Requirements** (providing that where defects in briefs are substantial, the appeal may be quashed). We will not do so however, simply because we need only review a small subset of the issues raised, since many are waived or are raised inappropriately at this juncture.

[I]n order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on appeal pursuant to Rule 1925. **Any issues not raised in a 1925(b) statement will be deemed waived.**

*Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306, 309 (1998) (emphasis supplied).

¶ 5 Appellant filed a 1925(b) statement in which he raised six issues. Record # 57. In response, the trial court filed an

---

**5.** *Id.*, § 6301(a).

**6.** 42 Pa.C.S.A. §§ 9791 *et seq.*

Opinion addressing each of those issues. Record # 61. Appellant now raises 14 issues on appeal. We find that pursuant to *Lord,* he has waived all issues not raised in his 1925(b) statement.

¶ 6 It is of no moment that appellant was not ordered to file a 1925(b) statement. Appellant filed his statement contemporaneously with his notice of appeal. Accordingly, there was no need for the trial court to order him to file a 1925(b) statement. If we were to find that because he was not ordered to file a 1925(b) statement, he has not waived the issues he neglected to raise in it, we would, in effect, be allowing appellant to circumvent the requirements of the Rule. In so holding, we are also mindful of the purpose of Rule 1925.

> The absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review. Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process.

*Lord,* at 419, 719 A.2d at 308. The trial court, quite obviously, could address only those issues raised by appellant in his 1925(b) statement. Accordingly, we do not have the benefit of the trial court's insight as to the other issues appellant now raises, thus impeding our review.

¶ 7 We also note that the Commonwealth does not brief or argue the issue of 1925 waiver. Waiver under Rule 1925 is automatic. *See Commonwealth v. Butler,* 571 Pa. 441, 812 A.2d 631 (2002). Further, we do not selectively enforce the Rule based on the arguments of parties. Doing so would subvert the purpose and effectiveness of Rule 1925. *Id.*

¶ 8 Appellant did not raise his questions 2 through 9, and 13, in his 1925(b) statement. Accordingly, they are waived.

¶ 9 In addition, appellant's 3rd, 5th, 6th, 8th and 9th issues allege ineffectiveness of counsel.

In *Commonwealth v. Grant,* 572 Pa. 48, 813 A.2d 726 (2002), the Pennsylvania Supreme Court has stated that, as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review. *Id.,* at 67–68, 813 A.2d at 739. The Supreme Court has noted that an exception to the general rule may be created when there has been a complete or constructive denial of counsel or that counsel has breached his or her duty of loyalty. *Grant,* at 67, 813 A.2d at 738 n. 14. In addition, the appellate courts have carved out limited exceptions to the general rule set forth in *Grant.* For example, we will address ineffective assistance of trial counsel claims on direct appeal where the appellant would not be entitled to collateral relief due to the short duration of his sentence. *Commonwealth v. Salisbury,* 823 A.2d 914 (Pa.Super.2003), and where the ineffectiveness claim was raised in a timely post-sentence motion, developed at a hearing, and ruled upon by the trial court, *Commonwealth v. Bomar,* 573 Pa. 426, 826 A.2d 831 (2003); *Commonwealth v. Hudson,* 820 A.2d 720 (Pa.Super.2003). Moreover, this Court has recently addressed an ineffective assistance of trial counsel claim on direct appeal where the evidentiary record was complete and there was a trial court opinion addressing the claim. *Commonwealth v. Causey,* 833 A.2d 165 (Pa.Super.2003) (holding that *Grant* did not require dismissal of a claim that counsel was ineffective in failing to challenge the sufficiency of the evidence where the record was complete and the trial court drafted an Opinion addressing this claim). We have also found an

exception to *Grant's* general rule where the ineffectiveness claim was discussed in a 1925(a) Opinion, which addressed the merits of the claim and specifically indicated that the existing record was sufficiently developed for resolution of the claim. *Commonwealth v. Watson,* 835 A.2d 786 (Pa.Super.2003). *Commonwealth v. Bromley,* 862 A.2d 598, 605–06 (Pa.Super.2004). None of the above enumerated exceptions to *Grant's* general rule apply to appellant's claims of counsel ineffectiveness. Accordingly, they are not ripe for review at this time.

¶ 10 In addition, appellant's 9th question is largely a reiteration of issues he raises elsewhere in his brief. He simply argues the cumulative effect of the alleged errors entitles him to a new trial. Parts 1 and 4 relate to his first question on appeal and we will review that question below. Parts 2, 3, 5, 6 and 7 are waived for failure to raise them in his 1925(b) statement. Parts 6, 7 and 8 also relate to counsel ineffectiveness and are inappropriately raised at this juncture. We will not review these issues under the guise of this argument.

▮▮▮ ¶ 11 We also have additional bases upon which we refuse to review appellant's 13th question. In it, appellant alleges that, if the court's basis for imposing consecutive five to ten year terms of incarceration was uncharged crimes, the court abused its discretion. This is a challenge to the discretionary aspects of his sentence yet appellant failed to comply with Rule 2119.[7] "There is no absolute right to appeal the discretionary aspects of a sentence." *Commonwealth v. McNabb,* 819 A.2d 54, 55 (Pa.Super.2003). An appellant challenging the discretionary aspects of a sentence must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect thereto. Pa.R.A.P. 2119(f) **Discretionary aspects of a sentence;** *see also, McNabb.* In that statement, he must demonstrate that a substantial question exists concerning the sentence. *McNabb,* at 55–56. Appellant did not comply with this mandate, and therefore is not entitled to our review of the issue. Finally, we note appellant's argument on the issue is utterly undeveloped. Appellant's brief, at 42–43. Undeveloped claims are waived. *Commonwealth v. Clayton,* 572 Pa. 395, 816 A.2d 217 (2002).

¶ 12 The only questions properly raised and/or preserved for our review are questions 1, 10, 11, 12, and 14. As we mentioned previously, appellant failed to comply with Pa.R.A.P. 2116 which requires appellants to state their questions "in the most general terms, without names, dates, amounts, or particulars of any kind..." We therefore have reworded appellant's remaining questions to facilitate our review:

1. Whether the court erred in admitting a photograph of the victim?
10. Whether the verdicts were against the weight of the evidence?
11. Whether the trial court erred in designating appellant a sexually violent predator?
12. Whether the trial court erred in finding the counts of rape and involuntary deviate sexual intercourse did not merge for sentencing purposes?

---

7. Rule 2119, **Argument** (f), **Discretionary aspects of sentence,** provides:

An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.

Pa.R.A.P. 2119(f).

14. Whether there was sufficient evidence to support the verdicts?

*See* appellant's brief at 1–3. We address these issues *seriatim.*

 ¶ 13 Appellant first complains that the court erred in admitting into evidence a Polaroid-type photograph of the victim in which she was looking at the camera and was nude, lying on a bed with her legs crossed, her hips elevated, and her genitalia somewhat exposed. *See* Commonwealth's Exhibit # 3. Appellant argues the evidence was highly prejudicial and irrelevant since he says the Commonwealth did not prove who took the photograph or when it was taken. He points out that the photo was found in an October 2001 search of the home, but searchers on two previous occasions did not produce the photo, and, at the time it was found, he had not been in possession of the home for several months due to his pre-trial incarceration.

Questions of the admission and exclusion of evidence are within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. The basic requisite for the admissibility of any evidence in a case is that it be competent and relevant. Though 'relevance' has not been precisely or universally defined, the courts of this Commonwealth have repeatedly stated that evidence is admissible if, and only if, the evidence logically or reasonably tends to prove or disprove a material fact in issue, tends to make such a fact more or less probable, or affords the basis for or supports a reasonable inference or presumption regarding the existence of a material fact. *Commonwealth v. Freidl,* 834 A.2d 638 (Pa.Super.2003). An abuse of discretion is not merely an error of judgment; discretion is abused when the law is overridden or misapplied, or the judgment exercised is

manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record. *Commonwealth v. Busanet,* 572 Pa. 535, 562, 817 A.2d 1060, 1076 (2002).

¶ 14 Before ruling on the matter, the court was informed that the photograph was found by a private investigator who was working for both appellant and his co-defendant, the victim's mother. *See* N.T., In Chambers Conference, 3/20/03, at 3–5. The photograph was found in a filing cabinet below the staircase in the basement of the house shared by appellant, the victim's mother, and the victim's younger siblings. *Id.,* at 4; N.T., Trial, at 73, 103–106. The basement was also the location where a witness had indicated a pornographic video involving appellant and a third party could be found. N.T., In Chambers Conference, at 4. Both Children and Youth Services and the victim's mother recognized the victim as being the girl in the photograph. *Id.* The victim's mother surmised that the photo was taken when the child was between the ages of seven and eight years old, which is the time the abuse occurred. *Id.* The victim's mother indicated she had a Polaroid-type camera in the house at the time the photograph was taken, but she did not take the photo. *Id.,* at 7–8.

¶ 15 The Commonwealth argued the photo was relevant to show appellant's propensity with regard to the victim. It relied upon *Commonwealth v. Dunkle,* 529 Pa. 168, 602 A.2d 830 (1992). *See* N.T., In Chambers Conference, at 4. In *Dunkle,* our Supreme Court held that testimony as to prior sexual misconduct of a defendant towards a victim is admissible even though the testimony does not concern the "same, exact sexual misconduct for which [the defendant] was charged." *Id.,* at 186, 602 A.2d at 839. Such evidence is admissible if it "shows a passion or propensity for illicit

sexual relations of the defendant towards the victim." *Id.*

¶ 16 Following argument, the court concluded:

> The Court is going to allow the admission of the photograph based upon the totality of the circumstances involving the control of [sic] the time frames involved. But I do have some difficulty in that there is not an actual description of a use of this for gratification purposes; but the jury is permitted to utilize circumstantial evidence and make inference. And based upon that, I'm going to admit it.

N.T., In Chambers Conference, at 8. The trial court further explained its reasoning as follows:

> Here, the photograph was taken by someone who had access to the camera in the house. There were only two adults in the house, co-defendants in this case. The photograph was taken during the time frame that the alleged incidents of sexual misconduct occurred, i.e. when the child was seven or eight years old. The photograph is clearly of a sexual nature, with a naked child lying on the bed looking straight at the camera. Furthermore, the photograph was found in a location that the Defendant was known to have kept a videotape of sexual acts.

Trial Court Opinion, 12/18/03, at 6.

 ¶ 17 We find that under these circumstances, the trial court did not abuse its discretion in concluding that the photo, which could be interpreted as being sexually suggestive, was relevant to show a passion or propensity for illicit sexual misconduct by appellant towards the victim. We note that appellant cross-examined the investigator who found the photo. The investigator admitted that at the time the photo was found, appellant had been out of the house for some period of time and that no finger print analysis or any other tests were performed to verify who had taken or held the photograph. N.T., Trial, at 107–108. Also, Pam Waite, a Children and Youth Services caseworker assigned to the victim's case, testified that the photo did not depict the victim's genitalia. *Id.*, at 96. The jury never saw the photo, but heard testimony regarding it from both parties. It was within the jury's province to determine the weight to be accorded to the evidence produced.

¶ 18 Next, we review appellant's argument that the verdicts were against the weight of the evidence. We first note that we would be justified in finding that appellant waived this issue for utterly failing to discuss it in any substantive, meaningful way. *See Commonwealth v. Clayton*, 572 Pa. 395, 816 A.2d 217 (2002) (stating that undeveloped claims are waived). In any event, the trial court found this claim was waived because appellant never filed a motion for a new trial.[8] Trial Court Opinion at 2–3. Appellant begins his argument on this weight of the evidence challenge by stating trial counsel was ineffective for failing to file a motion for a new trial.[9] A

---

8. Pa.R.Crim.P. 607, **Challenges to the Weight of the Evidence**, provides in pertinent part:

> (A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:
> (1) orally, on the record, at any time before sentencing;
> (2) by written motion at any time before sentencing; or

(3) in a post-sentence motion.

9. Appellant argues counsel was ineffective for failing to file a motion for a new trial "to permit the trial court to reflect on the issues raised above as errors." Appellant's brief at 37. Those "issues raised above" involve a plethora of counsel's alleged shortcomings, including, for example, an alleged failure to obtain certain records from Children and

failure to file a motion for a new trial to challenge the weight of the evidence does, in fact, impede our review of the issue.

¶ 19 An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. *Commonwealth v. Smith,* 853 A.2d 1020, 1028 (Pa.Super.2004). In reviewing such a claim, a trial court must determine whether certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. *Id. "Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence." Commonwealth v. Wright,* 846 A.2d 730, 737 (Pa.Super.2004) (emphasis supplied). Because counsel did not file a motion for a new trial, the trial court had no opportunity to consider whether the verdict was against the weight of the evidence, until appellant raised it in his statement filed pursuant to Pa.R.A.P. 1925. By that point, the court had no jurisdiction on the matter; accordingly, we cannot review the trial court's exercise of discretion in this regard. *See Commonwealth v. Wright,* 846 A.2d 730, 737 (Pa.Super.2004) (stating that a weight of the evidence claim must be presented to the trial court while it exercises jurisdiction over a matter since appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence).

¶ 20 We already have held that appellant's challenges to trial counsel ineffectiveness do not fall within any of the exceptions to *Grant's* general rule that a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review. We note, however, that a cursory review of this challenge reveals appellant fails to prove he is entitled to relief.

When a defendant claims that he or she has been denied effective assistance of counsel, courts presume that counsel was effective unless proven otherwise by the defendant. To prove ineffective assistance of counsel, the defendant must show (i) that the underlying claim is of arguable merit; (ii) that counsel had no reasonable basis designed to effectuate the defendant's interests for the act or omission in question; and (iii) that counsel's ineffectiveness actually prejudiced the defendant. In determining whether counsel's decisions had a reasonable basis, a court does not question whether a more logical alternative course of action existed; rather, a court examines only whether counsel's decisions had a reasonable basis designed to effectuate the defendant's interest.

*Commonwealth v. DiNicola,* 797 A.2d 966, 970 (Pa.Super.2002) (citations omitted). We reiterate that in reviewing such a claim, a trial court must determine whether certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. *See Smith, supra,* at 1028. Appellant has made no such argument. He

---

Youth Services, and for failing to object to evidence appellant says was irrelevant. *See* appellant's brief at 37. He never explicitly states that counsel was ineffective for failing to file a motion for a new trial to challenge the weight of the evidence. He does, however, reference this alleged failure in question 9, part 8 of his brief, i.e., "The failure of trial counsel to motion the trial court for a new trial as noted in the trial court's Opinion ...." Appellant's brief at 37. In his Opinion, the trial court found appellant waived his challenge to the weight of the evidence by failing to raise it in a motion for a new trial. Trial Court Opinion at 2.

sets forth the standard applicable to a weight of the evidence claim, but did not discuss or apply that standard to his case. He then argues the trial court erred by allowing evidence of his sexual propensities as to persons other than the victim, which is irrelevant to a claim that the verdicts were against the weight of the evidence. Appellant's brief at 37–38. He then simply states:

> First there is no physical evidence. [This is a challenge to the sufficiency and not to the weight of the evidence]. Second, there were what appear to be substantial errors which occurred during the trial as addressed above in paragraph 6 [all relating to counsel ineffectiveness]. All of the errors were prejudicial to the appellant to the degree that a new trial is warranted.
>
> Wherefore, based upon all of these errors, the Trial Court's conscience should have been shocked [and] a new trial should have been granted.

Appellant's brief at 38. Appellant has failed to meet his burden of establishing that there is any merit to his claim the verdict is against the weight of the evidence. Appellant is not entitled to relief on this issue.

¶ 21 We conclude our discussion of this issue by noting the trial court found that were this issue not waived, the verdict was not so contrary to the evidence as to shock one's sense of justice, but rather was consistent with the Commonwealth's evidence. Trial Court Opinion, at 3. We can discern no abuse of discretion in this finding.

¶ 22 Next, we consider whether the trial court erred in designating appellant a sexually violent predator (SVP). We would be justified in finding that this claim also is waived for failing to discuss the issue in any substantive, meaningful way. *See* appellant's brief, at 39–41; *see also Clayton, supra* (stating that undeveloped argu-

ments are waived). In fact, appellant appears to agree that the designation was not improper. In his brief, he states that a review of the testimony at the hearing on SVP status "does not suggest that the trial court abused its discretion in determining that clear and convincing evidence of the appellant's classification of sexual violent predator was merited." Appellant's brief, at 41. We will address the merits, however, as the issue has been preserved for appeal and because the SVP designation has lifelong implications.

¶ 23 A challenge to the sufficiency of the evidence is a question of law subject to plenary review. *Commonwealth v. Meals*, 842 A.2d 448, 450 (Pa.Super.2004), *citing Commonwealth v. Krouse*, 799 A.2d 835, 837 (Pa.Super.2002) (*en banc*). We must determine "whether the evidence admitted at trial and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, is sufficient to support all elements of the offenses." *Meals*, at 450, *quoting Krouse*, at 837–838. A reviewing court may not weigh the evidence or substitute its judgment for that of the trial court. *Meals*, at 450, *citing Krouse*, at 838.

¶ 24 "At a hearing prior to sentencing the court shall determine whether the Commonwealth has proved by clear and convincing evidence that the individual is a sexually violent predator." 42 Pa. C.S.A. § 9795.4(e)(3). In reviewing the sufficiency of the evidence regarding the determination of SVP status, we will reverse the trial court only if the Commonwealth has not presented clear and convincing evidence sufficient to establish each element required by the statute. *Krouse*, at 838. Where, as here, the trial court has provided specific findings of fact, we will determine whether the record sup-

ports those findings, and then review the legal conclusions drawn therefrom. *Id.*

¶ 25 The term "sexually violent predator" is defined in Section 9792, Definitions, as follows:

A person who has been convicted of a sexually violent offense as set forth in section 9795.1 (relating to registration) and who is determined to be a sexually violent predator under section 9795.4 (relating to assessments) due to a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses. . . .

*Id.*

¶ 26 The process by which one is assessed for SVP designation is detailed by statute. After a defendant is convicted of an offense as specified in Section 9795.1, **Registration**, such as, *inter alia,* rape, involuntary deviate sexual intercourse, and indecent assault in this case, the trial court must order the Board to assess the defendant for the appropriateness of an SVP designation. Section 9795.4, **Assessments**, (a) **Order for Assessment**. The administrative office of the Board then assigns one of its members to conduct the assessment pursuant to Section 9795.4(b) **Assessment**, which specifies an assessment must include examination of the following factors:

(1) Facts of the current offense, including:

(i) Whether the offense involved multiple victims.

(ii) Whether the individual exceeded the means necessary to achieve the offense.

(iii) The nature of the sexual contact with the victim.

(iv) Relationship of the individual to the victim.

(v) Age of the victim.

(vi) Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.

(vii) The mental capacity of the victim.

(2) Prior offense history, including:

(i) The individual's prior criminal record.

(ii) Whether the individual completed any prior sentences.

(iii) Whether the individual participated in available programs for sexual offenders.

(3) Characteristics of the individual, including:

(i) Age of the individual.

(ii) Use of illegal drugs by the individual.

(iii) Any mental illness, mental disability or mental abnormality.

(iv) Behavioral characteristics that contribute to the individual's conduct.

(4) Factors that are supported in a sexual offender assessment filed as criteria reasonably related to the risk of reoffense.

Section 9795.4(b).

¶ 27 Following the submission of a written report containing the assessment and a praecipe filed by the district attorney, the trial court must hold a hearing. *See* Section 9795.4(e). "At the hearing prior to sentencing the court shall determine whether the Commonwealth has proved by clear and convincing evidence that the individual is a sexually violent predator." Section 9795.4(e)(3). Those procedures were followed in this case. A hearing was held on August 27, 2003, at which Sharon Silberman, a member of Pennsylvania's Sexual Offender's Assessment Board, testified. Following the hearing, the trial court made the following findings of fact and conclusions of law:

Here, the offense involved one victim over a long period of time. The age differential between the Defendant and the parental role in the household supports the Court's finding that the individual exceeded the means necessary to achieve the offense. The nature of the sexual contact with the victim was extensive and very significant. The Defendant instructed the child in how to become a sex object and become involved with multiple sex partners. The relationship of the individual to the victim was similar to a stepfather, although not legally. The Defendant played the parental role in the household. The age of the victim, seven to eight years old, was considered. The Defendant is a pedophile, which is defined as preying upon children and this alone is sufficient indication of unusual cruelty. The mental capacity of the victim, having an IQ of 78 borderline retarded was considered along with the expert's testimony that a five-point deviation should be given. Thus, the victim could have a low normal IQ score of 83. Although the Defendant's prior history does not indicate any prior record relating to sex offenses, he does have a record for assaults, which were violent. This indicates a loss of control. The Defendant has completed his prior sentences and has not participated in any programs for sexual offenders. The characteristics of the individual indicate that the Defendant was age thirty and thirty-one when these offenses occurred and there was no use of illegal drugs. Although the Defendant does not have any mental illness or mental disability, he does have a mental abnormality of pedophilia. Behavioral characteristics that contribute to the individual's conduct include Defendant took a bath with the child victim and made her lick the soap off his penis, making child view pornographic videos, and had at least three framed photographs of naked paramours in the house with children present, and involved the child in three-some sexual activity. Factors that reasonably relate to the risk of re-offense include that the Defendant urinated on the child indicating deviant sexual tendencies, age of child, prior violent criminal behavior and mental abnormality of Pedophilia.

Trial Court Order, 8/28/03, at 1–2, n.1. Based upon the foregoing, the court classified appellant as an SVP.

¶ 28 Upon a thorough review, we find the record supports the trial court's findings. Silberman testified appellant has the mental abnormality of pedophilia, which she defined as sexual interest and a sexual behavior towards children age 13 or younger. N.T., 8/27/03, at 10. Further, the majority of the statutory factors applied to the facts here weigh strongly in favor of SVP classification. *See Krouse supra*, at 843 (stating that the statutory factors should be the basis for determining the appropriateness of an SVP classification). We supplement the trial court's findings by noting that appellant also exhibited unusual cruelty in forcing the child to have sexual relations with her own mother. Further, appellant frequently forced the child to swallow his semen, even after having sexual relations with others. N.T., 8/27/03, at 13; *see also*, N.T., 3/20/03, at 114, 116. Viewing the facts and the inferences drawn therefrom in the light most favorable to the Commonwealth as the verdict winner, we find the Commonwealth has clearly and convincingly established that appellant has a mental abnormality which makes him likely to engage in predatory sexually violent offenses, as the statute requires. *See* 42 Pa.C.S.A. § 9792.

¶ 29 Next, we consider whether the counts of rape and involuntary deviate sexual intercourse should have merged for

sentencing purposes. Appellant states "[t]he issues of merger and sufficiency of evidence are addressed only because they was [sic] raised by trial counsel." Appellant's brief at 12. Appellant's argument on the issue, moreover, supports a finding that merger is *not* appropriate. *See* Appellant's brief at 42. He states that merger analysis is required only if the offenses are based on the same criminal act and because the charges here were not based upon a solitary criminal act, no further merger analysis is required. *Id.* Upon review, we agree that merger was not appropriate on these charges under the facts of this case.

■ ¶ 30 "A claim that the trial court imposed an illegal sentence by failing to merge sentences is a question of law. Accordingly, our standard of review is plenary." *Commonwealth v. Duffy*, 832 A.2d 1132, 1137 (Pa.Super.2003), *appeal denied*, 577 Pa. 694, 845 A.2d 816, (2004) (citations omitted). Although the trial court cited to *Commonwealth v. Gatling*, 570 Pa. 34, 807 A.2d 890 (2002) as authority for its holding, we note *Gatling* was a plurality decision. As such we decline to consider it as binding precedent and rely instead on *Commonwealth v. Anderson*, 538 Pa. 574, 650 A.2d 20 (1994). *See Commonwealth v. Goins*, 2004 Pa.Super. 489; *Duffy*, at 1138 n. 4.

■ ¶ 31 A central inquiry of a merger analysis is whether the crimes are greater and lesser included offenses.[10] *Anderson*, at 579, 650 A.2d at 22. This inquiry must be undertaken within the fac-

tual context of the case, however. *Commonwealth v. Belsar*, 544 Pa. 346, 676 A.2d 632 (1996). Under the facts here, it is clear that merger does not apply. We rely on the trial court's analysis of this issue:

In this case, the Defendant was accused of having committed several acts of oral intercourse with the minor child. The trial testimony revealed the Defendant touched the child every other night in between her legs with his finger, a vibrator machine, and sometimes his tongue. The Defendant would make the minor child wash his "dick" and suck on it until a whitish liquid came out, sometimes forcing her to swallow the liquid. These incidents occurred at her house in Shamokin in the living room, the bedroom and even the bathroom and also at "another lady's house" (Lupold's apartment) in her living room and in the forest. By simple mathematics, a jury could conclude there were at least five locations where a sexual encounter occurred. Thus at a minimum, the Commonwealth could have charged Lee with having committed five rapes, five acts of involuntary deviate sexual intercourse, or any combination of the five crimes. Instead, it charged him with only two counts each of rape and IDSI; one for each municipality.

The jury could have concluded that the Defendant penetrated the minor child with the vibrator and with his tongue at her house. These are two separate acts, which would support a conviction on both rape and IDSI on

---

**10.** Our Crimes Code defines rape, in pertinent part, as follows:

A person commits the offense of rape of a child, a felony of the first degree, when the person engages in sexual intercourse with a complainant who is less than 13 years of age.

18 Pa.C.S.A. § 3121(c).

Our Crimes Code defines involuntary deviate sexual intercourse, in pertinent part, as follows:

A person commits involuntary deviate sexual intercourse with a child, a felony of the first degree, when the person engages in deviate sexual intercourse with a complainant who is less than 13 years of age.

18 Pa.C.S.A. § 3123(b).

CR–01–805. Further, the jury could have concluded that the Defendant made the minor child perform oral sex on him at the Lupold residence on more than four separate occasions, as testified to by Diana Lupold, which would support a conviction for both rape and IDSI on CR–01–806.

**The convictions do not merge for purposes of sentencing because they are supported by separate facts.**

Trial Court Opinion, at 9–10 (emphasis supplied). Accordingly, we conclude these crimes did not merge for sentencing purposes.

■■■■■■ ¶ 32 Finally, we consider appellant's challenge to the sufficiency of the evidence to support the verdicts.

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hunzer*, 2005 Pa.Super. 13, *citing Commonwealth v. DiStefano*, 782 A.2d 574, 582 (Pa.Super.2001).

■■■■ ¶ 33 Appellant's argument on this issue consists of a statement of the applicable standard of review, followed by his concession that "[i]f the jury believed the child victim, that evidence was sufficient to convict appellant." He completes his argument by stating:

[t]he questions that the jury had to overcome was [sic] whether the child would have had a reason to make up the allegations and what the motive for fabrication might have been. That is the reason why it was vitally important that there have been a competency hearing... prior to trial to delve into whether there was a taint in the child's testimony....

Wherefore, if the appellant was prejudiced by trial counsel's failure to engage in a competency hearing, the evidence could be considered to have been insufficient and appellant should be granted a new trial.

Appellant's brief at 44. Appellant concedes the victim's testimony is sufficient to convict him on all charges, and, upon a thorough review of the charges and the victim's testimony, we agree. The victim testified that from the time she was seven years old, and on numerous occasions, appellant touched her in her "private spots" with his fingers, tongue, or machine (vibrator), made her wash his penis and suck on it until "whitish liquid" came out, urinated on her while she was in the bathtub, made her swallow his semen, made her watch and participate when appellant and the victim's mother, appellant's co-defendant, were having sexual relations, and

when appellant and another woman, Diana Lupold, another co-defendant, were having sexual relations, and forced her *inter alia,* to perform oral sex on all three co-defendants. N.T., Trial, 3/20/03, at 28–46, 109–120. In addition, Lupold corroborated the victim's testimony that appellant forced the victim to watch and participate in sexual relations between appellant and Lupold. N.T., Trial, 109–120.

¶ 34 Rape is defined in pertinent part as engaging in sexual intercourse with a complainant who is less than 13 years of age. *See* 18 Pa.C.S.A. § 3121(c). The Crimes Code defines "sexual intercourse" as, in addition to its ordinary meaning, including "intercourse per os or per anus with some penetration however slight; emission is not required." 18 Pa.C.S.A. § 3101. Involuntary deviate sexual intercourse is defined, in pertinent part, as engaging in deviate sexual intercourse with a complainant who is less than 13 years of age. 18 Pa.C.S.A. § 3123(b). "The crime of involuntary deviate sexual intercourse occurs when the actor, by physical compulsion or threats thereof, coerces the victim to engage in acts of anal and/or oral intercourse." *Commonwealth v. Zingarelli,* 839 A.2d 1064 1070 (Pa.Super.2003), *appeal denied,* 579 Pa. 692, 856 A.2d 834 (2004). Statutory sexual assault is defined in pertinent part as engaging in sexual intercourse with a complainant under the age of 16 years and that person is four or more years older than the complainant and the complainant and the person are not married to each other.[11] 18 Pa.C.S.A. § 3122.1. Indecent assault is defined, in pertinent part, as having indecent contact with the complainant or causing the complainant to have indecent contact with the person, if the complainant is less than 13 years of age. 18 Pa.C.S.A. § 3126(a)(7). "Indecent contact" is defined as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in either person." *Id.,* at § 3101. Corruption of minors is defined, in pertinent part, as "[w]hoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age … commits a misdemeanor of the first degree." 18 Pa.C.S.A. § 6301(a)(1). Actions that tend to corrupt the morals of a minor are those that "would offend the common sense of the community and the sense of decency, propriety and morality which most people entertain." *Commonwealth v. DeWalt,* 752 A.2d 915, 918 (Pa.Super.2000). Upon a thorough review of the record and the applicable law, there can be no doubt that this evidence is sufficient to convict appellant on all charges.

¶ 35 Appellant's argument, moreover, is based entirely on his allegation that the court erred in failing to conduct a competency hearing of the witness, i.e. appellant's fourth question on appeal. We have already found that issue is waived for his failure to raise it in his 1925(b) statement. In his fifth question on appeal, he alleges trial counsel was ineffective for failing to request a competency hearing with regard to the victim. We have held that pursuant to *Grant,* this issue must be raised on collateral appeal. This is appellant's third attempt to raise effectively the same issue. For the third time, we decline to review it. Accordingly, appellant is not entitled to relief on this argument.

¶ 36 Order finding appellant to be a sexually violent predator pursuant to Me-

---

11. Appellant was born March 12, 1968. Record # 1, Criminal Complaint. The victim was born April 2, 1991. N.T., Trial, 3/20/03, at 71. Clearly, there is more than four years between them.

gan's Law II affirmed; judgment of sentence affirmed.