J-A23040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KEVIN RICHARD BIREK | |
| Appellant | No. 1620 WDA 2014 |

Appeal from the Judgment of Sentence September 8, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-SA-0001396-2014

BEFORE: GANTMAN, P.J., LAZARUS, J., and MUSMANNO, J.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED JULY 17, 2015**

Appellant, Kevin Richard Birek, appeals *pro se* from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following his bench trial convictions for the summary offenses of driving without a license, driving without headlights, and driving with defective brake lights (75 Pa.C.S.A. §§ 1501; 4303(a); and 4303(b)). On April 12, 2014, Officer Falcione was on routine patrol when Appellant's vehicle passed him in the opposite direction. Appellant's vehicle had a headlight out. The officer observed Appellant's brake lights were also defective. Officer Falcione activated his emergency lights to conduct a traffic stop. Appellant did not immediately stop, and continued to drive for about one-eighth of a mile. During the stop, Appellant provided Officer Falcione with an expired license. The officer cited Appellant with driving without a license, driving without

headlights, driving with defective brake lights, and failure to yield to an emergency vehicle. On May 29, 2014, a district magistrate convicted Appellant of all charges and imposed fines and costs. Appellant timely filed an appeal for a trial *de novo* on June 23, 2014. Appellant proceeded to a bench trial on September 8, 2014, after which the trial court convicted Appellant of all offenses charged, except failure to yield to an emergency vehicle.[1] The court imposed $250.00 in fines, plus costs. Appellant timely filed a notice of appeal on September 30, 2014, and a voluntary Pa.R.A.P. 1925(b) concise statement on October 15, 2014.

Preliminarily, we note appellate briefs must conform in all material respects to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. Where an appellant fails to properly raise or develop his issues on appeal, or where his brief is wholly inadequate to present specific issues for review, a court will not consider the merits of the claims raised on appeal. **Commonwealth v. Maris**, 629 A.2d 1014 (Pa.Super. 1993). Instantly, Appellant is *pro se* on appeal and he advances over 70 issues for our review. **See** Pa.R.A.P. 2116(a) (explaining statement of questions involved must state **concisely** issues to be resolved).[2]

_____

[1] The court determined Appellant gave a reasonable explanation that he continued driving until he reached a safe place to stop.

[2] The Note to Rule 2116 states: "The appellate courts strongly disfavor a statement that is not concise." Pa.R.A.P. 2116, *Note*.

Nevertheless, Appellant failed to raise the majority of his issues on appeal in his Rule 1925(b) statement.[3] *See Commonwealth v. Snyder*, 870 A.2d 336 (Pa.Super. 2005) (holding appellant waived issues not presented in voluntary Rule 1925(b) statement; it is of no moment that appellant was not ordered to file concise statement). To the extent Appellant preserved any appellate issues in his Rule 1925(b) statement, Appellant does not present cogent arguments on appeal to support his contentions. Rather, Appellant's argument section merely repeats his laundry list of questions presented followed by brief answers, the majority of which do not contain citations to authority. The legal authority Appellant does cite is irrelevant to Appellant's case. *See* Pa.R.A.P. 2119(a) (stating argument section shall be divided into as many sections as there are questions presented, followed by discussion and citations to pertinent legal authorities). Appellant's failure to preserve and/or adequately develop his claims on appeal compels waiver of all issues.[4] *See Snyder, supra*; *Maris, supra*. Accordingly, we affirm.

Judgment of sentence affirmed.

_____

[3] Appellant's "concise" statement is a 6 page, single-spaced narrative, in which Appellant asserts claims completely irrelevant to his case (*i.e.*, alleging the court violated his rights under the Uniform Commercial Code) and makes wild accusations (*i.e.*, alleging the court is guilty of genocide).

[4] We note the trial court expressly credited Officer Falcione's testimony at the *de novo* trial; and the record belies Appellant's bald assertions that the court acted impartially, unjustly, and violated Appellant's due process rights.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/17/2015