J-S57003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JEROME JONES | |
| Appellee | No. 930 EDA 2014 |

Appeal from the Order February 28, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0017542-2013

BEFORE:  MUNDY, J., OTT, J., and STABILE, J.

MEMORANDUM BY MUNDY, J.:                **FILED JANUARY 05, 2016**

The Commonwealth appeals from the February 28, 2014 order reversing the municipal court order of December 18, 2013, and granting suppression in favor of Appellee, Jerome Jones.  After careful review, we reverse and reinstate the December 18, 2013 judgment of sentence.

The trial court summarized the facts of this case as follows.

> The Commonwealth presented the testimony of Philadelphia Police Officer Brian Wolf at the evidentiary hearing on [Appellee's] motion to suppress evidence.  Officer Wolf testified that he and his partner were on routine bicycle patrol on the 1600 block of Granite Street on May 4, 2013 at approximately 11:40 p.m. when he smelled what he believed to be the strong odor of PCP in the area. The officer likened the smell to the odor of cat urine. Officer Wolf observed [Appellee] walk over to a silver SUV and throw an unknown amount of cigarettes onto the rear floor of the vehicle.  [Appellee] then walked around to the driver's side where he tried to enter the vehicle.  He was stopped and detained by

Officer Wolf's partner while still outside the SUV. Officer Wolf acknowledged that [Appellee] was not free to leave at that point. After [Appellee] was secured, Officer Wolf looked through the rear window of the vehicle and observed two yellowish cigarettes on the floor. The officer then opened the rear door, reached into the vehicle and seized two cigarettes dipped in PCP.

Trial Court Opinion, 1/16/15, at 2.

The trial court further detailed the procedural history of this case as follows.

On May 4, 2013, [Appellee] was arrested on the 1600 block of Granite Street in Philadelphia and charged with possession of a controlled substance.[1] An evidentiary hearing on the motion to suppress physical evidence filed[2] by [Appellee] was held on August 16, 2013 before Municipal Court Judge Jacqueline Frazier-Lyde. At the close of the hearing, Judge Frazier-Lyde denied the motion. On December 18, 2013, the Honorable Craig Washington found [Appellee] guilty and sentenced him to a term of 6 to 23 months['] incarceration. A motion for

_____

[1] 35 P.S. § 780-113(a)(16).

[2] Neither the certified record nor the trial court's docket contains an entry for a written suppression motion. However, Pennsylvania Rule of Criminal Procedure 575 permits oral motions at the discretion of the suppression court. *See* Pa.R.Crim.P. 575(A)(1) (stating, "[a]ll motions shall be in writing, except as permitted by the court or when made in open court during a trial or hearing[ ]"). At the beginning of the suppression hearing, Appellee's counsel stated "[t]his is a motion to suppress" and proceeded to state the reasons he sought suppression. N.T., 8/16/13, at 4. Immediately thereafter, the municipal court conducted a suppression hearing. Therefore, we presume it was an oral motion to suppress permitted by the municipal court.

reconsideration of sentence was denied by Judge Washington on January 10, 2014.

On January 17, 2014[, Appellee] filed a Writ of Certiorari with [the trial court] alleging that the motion to suppress had been erroneously denied. On February 28, 2014, [the trial court] granted the writ and ordered the case against [Appellee] discharged. The Commonwealth thereafter filed the instant [] appeal.[3]

*Id.* at 1.

On appeal, the Commonwealth presents the following issue for our review.

Did the [trial] court, sitting as an appellate court, err in reversing [Appellee's] Municipal Court conviction and discharging him on the ground that his motion to suppress should have been granted for supposed lack of reasonable suspicion or probable cause to arrest, where an experienced officer smelled the distinct odor of PCP, saw [Appellee] throw yellowish cigarettes characteristic of having been dipped in PCP into a car, and when he approached [Appellee] saw the cigarettes on the floor of the car in plain view?

Commonwealth's Brief at 3.[4]

_____

[3] The Commonwealth and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

[4] Appellee argues that the Commonwealth, in its voluntarily filed Pennsylvania Rule of Appellate Procedure 1925(b) statement, did not preserve the issue that the trial court erred in reversing the decision of the municipal court denying Appellee's motion to suppress. ***See Commonwealth v. Snyder***, 870 A.2d 336, 341 (Pa. Super. 2005) (concluding the appellant waived all the issues not contained in his voluntary Rule 1925(b) statement; "[i]t is of no moment that [the] appellant was not

*(Footnote Continued Next Page)*

We begin by noting our well-settled standard of review.

> When the Commonwealth appeals from a suppression order, this Court may consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the record as a whole, remains uncontradicted. In our review, we are not bound by the suppression court's conclusions of law, and we must determine if the suppression court properly applied the law to the facts. We defer to the suppression court's findings of fact because, as the finder of fact, it is the suppression court's prerogative to pass on the credibility of the witnesses and the weight to be given to their testimony.

*Commonwealth v. Hudson*, 92 A.3d 1235, 1241 (Pa. Super. 2014) (internal quotation marks and citations omitted), *appeal denied*, 106 A.3d 724 (Pa. 2014).

The Fourth Amendment of the United States Constitution provides, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated …." U.S. Const. amend. IV. Likewise, Article I, Section 8 of the

*(Footnote Continued)* ————————————

ordered to file a 1925(b) statement[]"). Appellee argues that the Commonwealth framed its Rule 1925(b) in terms of whether the discharge was proper, and it did not encompass whether the underlying reversal of the municipal court's decision denying suppression was correct. Appellee's Brief at 11. We disagree. Contrary to Appellee's view, the Commonwealth in its Rule 1925(b) statement was not challenging whether discharge or remand to the municipal court for a new trial was the proper remedy. *Id.* at 13. Instead, the Rule 1925(b) statement raised the issue of whether the underlying reason for the discharge was correct, *i.e.*, whether the evidence should have been suppressed. Therefore, we conclude that the Commonwealth has preserved the issue for our review.

- 4 -

Pennsylvania Constitution states, "[t]he people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures …." Pa. Const. Art. I, § 8. In general, prior to conducting a search, the police must obtain a warrant from an independent judicial officer by demonstrating probable cause. *Commonwealth v. Gary*, 91 A.3d 102, 106 (Pa. 2014) (plurality opinion). Moreover, "[w]arrantless searches or seizures are presumptively unreasonable subject to certain established exceptions." *Hudson*, *supra* (citation omitted).

One such exception to the warrant requirement is when evidence is seized from an automobile. In Pennsylvania, "[u]ntil recently, in order for police officers to conduct a lawful search of an automobile without a warrant, the officers were required to have probable cause **and** exigent circumstances." *Id.* (emphasis added). However, our Supreme Court recently "adopt[ed] the federal automobile exception to the warrant requirement, which allows police officers to search a motor vehicle when there is probable cause to do so and does not require any exigency beyond the inherent mobility of a motor vehicle." *Gary*, *supra* at 104.[5]

---

[5] *Gary* is a plurality opinion, authored by Justice McCaffery and joined by Justices Castille and Eakin. However, in his concurring opinion, Justice Saylor specifically stated that he "join[ed] the lead Justices in adopting the federal automobile exception." *Gary*, *supra* at 138 (Saylor, J., concurring) (writing separately to highlight the "inconsistency in the courts' rejection of bright-line rules restraining law enforcement as a means of protecting individual rights, while simultaneously embracing such rules when they

*(Footnote Continued Next Page)*

In this case, the Commonwealth contends the trial court erred by concluding that the warrantless search of Appellee's vehicle was unconstitutional because the Commonwealth did not show there were exigent circumstances. Commonwealth's Brief at 7. We agree that this is a misstatement of the law following **Gary**.[6] The Commonwealth needed to establish only that the police possessed probable cause in order to search the interior of the vehicle. Even though the trial court did not opine whether the Commonwealth demonstrated probable cause,[7] we may consider the

*(Footnote Continued)* _____

facilitate law enforcement") (footnote omitted). Accordingly, the adoption of the federal automobile exception is precedential, as four justices out of six agreed to adopt it. **See Commonwealth v. Brown**, 23 A.3d 544, 556 (Pa. Super. 2011) (explaining, "[i]n cases where a concurring opinion enumerates the portions of the plurality opinion in which the author joins or disagrees, those portions of agreement gain precedential value[]").

[6] We note that at the time the trial court made its decision, on February 28, 2014, our Supreme Court had not yet issued **Gary**, which was decided on April 29, 2015. However, the trial court's January 16, 2015 opinion maintained that the automobile exception required the Commonwealth to prove exigency. Even though **Gary** was announced after the trial court decided to grant suppression, it appears **Gary** applies retroactively to cases pending on direct appeal. **See Commonwealth v. Dunn**, 95 A.3d 272 (Pa. 2014) (*per curiam*) (vacating Superior Court decision based on a pre-**Gary** application of the automobile exception and remanding in light of **Gary**). Therefore, we apply **Gary** to this case because it was pending on direct appeal when **Gary** was decided.

[7] The trial court explicitly stated, "even assuming *arguendo* that Officer Wolf had probable cause to believe that the cigarettes he observed through the window of the vehicle contained PCP, no exigency existed to excuse the warrantless entry and seizure of items." Trial Court Opinion, 1/16/15, at 3. The Commonwealth erroneously states that the trial court "accepted that Officer Wolf had probable cause[.]" Commonwealth's Brief at 7.

issue as it presents a question of law. *See Commonwealth v. Newman*, 84 A.3d 1072, 1080 (Pa. Super. 2014) (citation omitted), *appeal denied*, 99 A.3d 925 (Pa. 2014).

"Probable cause exists where the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent individual in believing that an offense was committed and that the defendant has committed it." *Commonwealth v. Griffin*, 24 A.3d 1037, 1042 (Pa. Super. 2011) (citation omitted), appeal denied, 34 A.3d 82 (Pa. 2011). We do not ask whether the officer's belief was "correct or more likely true than false. Rather, we require *only a probability*, and not a prima facie showing, of criminal activity." *Commonwealth v. Thompson*, 985 A.2d 928, 931 (Pa. 2009) (citations and quotation marks omitted, italics in original). When assessing whether probable cause was present, "we must consider the totality of the circumstances as they appeared to the arresting officer." *Griffin*, *supra*. (citation and quotation marks omitted). Further, an officer's experience is a relevant factor in determining probable cause if the officer demonstrates a nexus between his experience and the search or seizure. *Thompson*, *supra* at 935.

Further, the "plain view" exception to the warrant requirement applies in this case. "[T]he plain view doctrine, permits the warrantless seizure of an object when: (1) an officer views the object from a lawful vantage point; (2) it is immediately apparent to him that the object is incriminating; and

(3) the officer has a lawful right of access to the object." **Hudson**, **supra** (citation omitted).

> In determining whether the incriminating nature of an object [is] immediately apparent to the police officer, we look to the totality of the circumstances. An officer can never be one hundred percent certain that a substance in plain view is incriminating, but his belief must be supported by probable cause. In viewing the totality of the circumstances, the officer's training and experience should be considered.

**Commonwealth v. Miller**, 56 A.3d 424, 430 (Pa. Super. 2012) (citations and quotation marks omitted).

Here, we conclude the seizure of the PCP-coated cigarettes was constitutionally permissible because Officer Wolf had probable cause to seize the contraband without a warrant under the plain view and automobile exceptions. Specifically, the uncontradicted evidence presented by the Commonwealth at the suppression hearing was as follows. Officer Wolf and his partner were on bicycle patrol at night in an area known for narcotics. N.T., 8/16/13, at 9. As Wolf passed Appellee, who was the only person in the area at the time, he noticed "a strong odor of PCP [] in the air." **Id.** at 7-8. Wolf explained that in his career he had made 10-15 arrests for PCP possession and that the aroma of PCP is distinct, unmistakable, and "very similar to cat urine." **Id.** at 8-9. In addition, through his experience, he knew that PCP is typically consumed by smoking marijuana joints or cigarettes that have been dipped into PCP. **Id.** at 12. After smelling the

PCP, Wolf watched Appellee as he abruptly approached a parked vehicle, opened the rear door, and threw cigarettes into the vehicle. *Id.* at 8. At that point, Wolf and his partner approached Appellee. *Id.* Wolf testified, "[t]he smell of PCP coming from the entire car in his area was extremely strong. And I could tell it was coming from the car." *Id.* While Wolf's partner detained Appellee, Wolf looked through the vehicle's rear passenger window and observed two cigarettes on the rear floor that looked "wet" and "yellowish." *Id.* at 10. Based on these circumstances, Wolf opened the rear door and seized the cigarettes. *Id.* at 21.

Applying the plain view exception to these facts, we conclude the seizure was proper. First, Wolf viewed the incriminating contraband, two apparently PCP-coated cigarettes, in plain view on the floor of a vehicle from a lawful vantage point, on a public street. *See Hudson*, *supra*. Second, Wolf had probable cause to conclude that the incriminating nature of the contraband was immediately apparent. He smelled PCP, which he was familiar with through his experience, both when Appellee passed him on the street and again when he approached the vehicle. He watched Appellee toss cigarettes into the car after the officers passed him. Wolf knew one typical method used to consume PCP was to dip a cigarette into PCP and then smoke it. The cigarettes on the floor of the car appeared wet, as if they had been dipped into a liquid, and were discolored. The totality of these circumstances, viewed through Wolf's experience, gave rise to probable

cause that the cigarettes were incriminating. **See Miller**, **supra**. Third, Wolf had a lawful right to access the contraband under the automobile exception to the warrant requirement. As explained above, once an officer has probable cause that evidence of a crime is in an automobile, the officer may conduct a warrantless search of the vehicle. **See Gary**, **supra**. Therefore, the seizure of the PCP-coated cigarettes was constitutionally permissible.

In his brief, Appellee does not contest that the Commonwealth established probable cause to conduct a warrantless search of his vehicle under the plain view and automobile exceptions. Instead, he argues that his stop was an investigative detention that was not supported by reasonable suspicion or probable cause. Appellee's Brief at 18. Appellee contends that the recovery of the contraband must be suppressed as the fruit of his illegal stop. **Id.** at 20. Assuming that Appellee was subjected to an investigative detention,[8] the police must have possessed a reasonable suspicion that Appellee was engaged in criminal activity. **Commonwealth v. McAdoo**, 46 A.3d 781, 784 (Pa. Super. 2012), *appeal denied*, 65 A.3d 413 (Pa. 2013). Our Supreme Court has explained reasonable suspicion as follows.

---

[8] At the suppression hearing, Wolf testified that Appellee was held for an investigative detention and he was not free to leave. N.T., 8/16/13, at 21. The Commonwealth and the trial court did not address the legality of the stop.

> Reasonable suspicion is a less stringent standard than probable cause necessary to effectuate a warrantless arrest, and depends on the information possessed by police and its degree of reliability in the totality of the circumstances. In order to justify the seizure, a police officer must be able to point to specific and articulable facts leading him to suspect criminal activity is afoot. In assessing the totality of the circumstances, courts must also afford due weight to the specific, reasonable inferences drawn from the facts in light of the officer's experience and acknowledge that innocent facts, when considered collectively, may permit the investigative detention.

*Commonwealth v. Holmes*, 14 A.3d 89, 95-96 (Pa. 2011) (internal citations, quotation marks, and emphasis omitted).

The totality of the evidence presented at the suppression hearing established reasonable suspicion to subject Appellee to an investigative detention. As described above, Wolf immediately identified the distinct smell of PCP as Appellee passed him. *See Commonwealth v. Stoner*, 344 A.2d 633, 635 (Pa. Super. 1975) (explaining that "plain smell" may provide probable cause and opining "[i]t would have been a dereliction of duty for [the officer] to ignore the obvious aroma of an illegal drug which he was trained to identify[]"). Appellee was the only other person present on the block, a known high drug area, at that time of night. Wolf then observed Appellee react to the police presence by abruptly discarding cigarettes, which he knew from his experience to be a typical means to ingest PCP, into a vehicle. The totality of these circumstances in the light of the officer's experience gave rise to reasonable suspicion that Appellee was in possession

- 11 -

of PCP. ***See Holmes***, ***supra***. Therefore, we conclude the police had reasonable suspicion to conduct an investigative detention of Appellee. ***See id.***

Based on the foregoing, we conclude that the trial court erred as a matter of law by reversing the municipal court and suppressing the evidence against Appellee. ***See id.*** Accordingly, the trial court's February 28, 2014 order is reversed, and Appellee's December 18, 2013 judgment of sentence is reinstated.

Order reversed. Judgment of sentence reinstated.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/5/2016

- 12 -