J. S55018/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :     IN THE SUPERIOR COURT OF
                              :              PENNSYLVANIA
                              :
                              :
             v.                 :
                              :
INELL FOYE,                    :
                              :
          Appellant       :     No. 2995 EDA 2015

Appeal from the PCRA Order September 24, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0000673-2009
                           CP-39-CR-0000674-2009
                           CP-39-CR-0000678-2009

BEFORE: LAZARUS, J., DUBOW, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY DUBOW, J.:         **FILED AUGUST 04, 2016**

Appellant, Inell Foye, appeals *pro se* from the Order entered on September 24, 2015, in the Court of Common Pleas of Lehigh County denying his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We dismiss the appeal.

A detailed recitation of the facts is not necessary to our disposition. Appellant's Brief fails to comply with the requirements set forth in Pa.R.A.P. 2111-2140, and we are unable to conduct meaningful appellate review.

Appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash or

---

[*] Former Justice specially assigned to the Superior Court.

dismiss an appeal if the defect in the brief is substantial. ***Commonwealth v. Adams***, 882 A.2d 496, 497-98 (Pa. Super. 2005); Pa.R.A.P. 2101. An appellant's brief shall contain, *inter alia*, a statement of both the scope of review and the standard of review, a statement of the case, a summary of argument, and an argument divided into as many parts as there are questions to be argued. ***See*** Pa.R.A.P. 2111(a), 2119(a). "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." ***Adams**, **supra*** at 498 (internal citation omitted).

Appellant has made little effort to comply with the Rules of Appellate Procedure in crafting his Brief. He fails to state the appropriate scope of review and identify the applicable standard of review. Pa.R.A.P. 2111(a)(3). Although Appellant includes a statement of the questions involved as required by Pa.R.A.P. 2111(a)(4) and 2116, he exhaustively describes 21 convoluted issues spanning nine pages of single-spaced text in a manner that violates Pa.R.A.P. 2116. ***See Commonwealth v. Snyder***, 870 A.2d 336, 340 (Pa. Super. 2005) ("14 very verbose issues which span three pages of his brief" constituted substantial defect permitting quashal); ***see also Commonwealth v. Poplawski***, 852 A.2d 323, 326 n.3 (Pa. Super. 2004) (recognizing "the power to enforce Rule 2116 by declining to address issues which do not appear on the first page of the Statement.").

In addition, although Appellant included a "Statement of the Case," he fails to cite to the record and fails to include any factual history as required by Pa.R.A.P. 2117.

Appellant has failed to comply with Pa.R.A.P. 2135. "A principal brief shall not exceed 14,000 words" and "[a] party shall file a certificate of compliance with the word count limit if the principal brief is longer than 30 pages… when prepared on a word processor or typewriter." Pa.R.A.P. 2135(a)(1) and (d). The numbered pages, not including preliminary pages and appended exhibits, in Appellant's Brief span 127 pages of single-spaced text, exceeding the word and page limitations by at least a factor of four.

Appellant has also failed to comply with Pa.R.A.P. 124. "All papers filed in an appellate court… shall comply with the following requirements: … (4) Lettering shall be clear and legible and no smaller than 14 point in the text and 12 point in footnotes." Pa.R.A.P. 124(a)(4). Appellant's Brief failed to comply with the font-size limitation under Pa.R.A.P. 124(a)(4), effectively expanding his 127-page brief and exceeding the word and page limitations to an additional extent.

Because of these substantial omissions and defects, we are unable to provide meaningful review. Accordingly, we suppress Appellant's Brief and dismiss his appeal. **See Adams, supra** at 497-98; Pa.R.A.P. 2101.

Appeal dismissed.

J. S55018/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/4/2016