J-A16009-16

## NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | ¦ | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | ¦ | |
| v. | ¦ | |
| LAWRENCE MICHAEL OWENS, | ¦ | |
| Appellant | ¦ | No. 575 WDA 2015 |

Appeal from the Judgment of Sentence March 13, 2015
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000531-2014

BEFORE:    SHOGAN, OLSON, and STRASSBURGER,* JJ.

CONCURRING MEMORANDUM BY STRASSBURGER, J.:

**FILED JANUARY 12, 2017**

I agree that Appellant's judgment of sentence should be affirmed. However, I would do so because Appellant waived all of his issues.

Appellant filed a "concise" statement of 31 issues followed by several pages of legal discussion in which additional issues are interspersed. Many of the claims raised are redundant, such as the first eight issues questioning whether the trial court was "fair and impartial" - an issue Appellant does not pursue on appeal. Appellant also raised claims of ineffective assistance of counsel that are unquestionably frivolous as presented on direct appeal. The amended statement filed without leave of court presents more of the same.

---

* Retired Senior Judge assigned to the Superior Court.

Rule 1925(b) provides for the filing of a **concise** statement of errors complained of on appeal.[1] "The Statement should not be redundant or provide lengthy explanations as to any error. Where non-redundant, non-frivolous issues are set forth in an appropriately concise manner, the number of errors raised will not alone be grounds for finding waiver." Pa.R.A.P. 1925(b)(4)(iv). Appellant's statement contains issues that are redundant, frivolous, not set forth in an appropriately concise manner, and which are not pursued on appeal. Therefore, I would hold that Appellant waived all of his claims on appeal.

If I were to reach the merits of Appellant's issues, I agree with the Majority that the judgment of sentence should be affirmed. Specifically, I would join the Majority's analysis of the sufficiency of the evidence and Appellant's confrontation rights. While I also agree that the suppression motion properly was denied, I would omit from the consideration the facts that Appellant was from Farrell and that he had a child in the car. As it is, I believe the Majority has condoned an unwarranted indictment of an entire city and its residents who have occasion to transport their children anywhere.

---

[1] The trial court did not order Appellant to file a Rule 1925(b) statement, as Appellant *sua sponte* filed a statement contemporaneously with his notice of appeal. Waiver principles nonetheless apply, because otherwise "we would, in effect, be allowing appellant to circumvent the requirements of the Rule." **Commonwealth v. Snyder**, 870 A.2d 336, 341 (Pa. Super. 2005) (finding issues waived for failure to raise them in a statement filed contemporaneously with the notice of appeal).