J-S56035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ROBERT WILLIAM JORDAN, | |
| Appellant | No. 144 MDA 2015 |

Appeal from the Judgment of Sentence October 14, 2014
in the Court of Common Pleas of Bradford County
Criminal Division at No.: CP-08-CR-0000979-2013

BEFORE: SHOGAN, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: **FILED NOVEMBER 12, 2015**

Appellant, Robert William Jordan, appeals *pro se* from the judgment of sentence imposed following his jury conviction of multiple counts of incest, involuntary deviate sexual intercourse (IDSI), corruption of a minor, delivery of controlled substances and numerous related offenses. Appellant challenges jurisdiction, the length of his sentence, the weight and sufficiency of the evidence, numerous evidentiary rulings and various jury instructions. However, he fails to develop relevant arguments for his claims, supported by citation to specific pertinent authority. Accordingly, we dismiss.

We derive the facts from the trial court's memorandum opinion of December 3, 2014, and our independent review of the record.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant, then forty-three, engaged in a course of conduct in which he provided controlled substances to his daughter, then fifteen, and engaged in various forms of sexual contact with her, including sexual intercourse and IDSI.

Police began to investigate after the victim, A.B., who was already in foster care for prior drug problems, tested positive for drugs. She initially denied everything, but eventually admitted the relationship with her father. Around the same time a friend of Appellant, Mike Wheeler, to whom he confided the incestuous relationship, (apparently as part of a boast of his prowess with young girls), sent an anonymous letter to the police reporting the confession of sexual assaults.

At trial, the victim's mother, Tia M. B., testified, among others. Tia had conceived the victim, A.B., when she was fourteen. Although the trial court had ruled that the litigants were not to refer to Tia's age at the time of conception (as prejudicial to Appellant), on cross-examination **defense** counsel inquired why the name of Tia's mother, Caroline B., appeared "obo" (on behalf of) Tia B. in the caption of the support proceeding for A.B. Tia B. responded, "I was underage, I was fifteen." (N.T. Trial, 6/10/14, at 234). Defense counsel later requested a mistrial, which the court denied. (N.T. Trial, 6/11/14, at 1-2).

A.B., the victim, testified, *inter alia*, that Appellant, her father, had sex with her after giving her drugs, twenty to thirty times. (***See*** N.T. Trial, 6/10/14, at 117).

On July 11, 2014, a jury convicted Appellant of twenty-seven offenses as follows: two counts of delivering a controlled substance, (methamphetamines and so-called "bath salts"),[1] four counts of IDSI with a person less than sixteen years of age,[2] six counts of statutory sexual assault,[3] ten counts of incest with a minor (complainant between thirteen and eighteen years of age),[4] two counts of corruption of a minor (misdemeanor),[5] one count of indecent assault (person less than sixteen years of age),[6] and two counts of corruption of a minor (defendant age eighteen or above) (felony).[7]

_____

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S.A. § 3123(a)(7).

[3] 18 Pa.C.S.A. § 3122.1(b).

[4] 18 Pa.C.S.A. § 4302(b)(2).

[5] 18 Pa.C.S.A. § 6301(a)(1)(i).

[6] 18 Pa.C.S.A. § 3126(a)(8).

[7] 18 Pa.C.S.A. § 6301(a)(1)(ii).

Following trial, and after holding a ***Grazier*** hearing,[8] the court permitted Appellant to represent himself. (***See*** Waiver Hearing, 9/16/14, at 18).

The sentencing court had the benefit of a pre-sentence investigation report. (***See*** N.T. Sentencing, 10/14/14, at 1, 9-10). Appellant had a prior record score of five. (***See id.*** at 2). The trial court also considered the victim impact statement of A.B. (***See id.*** at 12). Appellant was not eligible for a RRRI minimum sentence. (***See id.*** at 15). Following the recommendations of the probation department, the court imposed all sentences within the high end of the standard range, consecutively. (***See id.*** at 16). Appellant received an aggregate sentence of not less than one thousand four hundred sixty-three months' (just under 122 years), nor more than three thousand nine hundred and ninety-six months' (333 years) incarceration in a state correctional institution. (***See id.*** at 15; ***see also*** Order, dated 10/14/14 and filed 10/15/14, at 1-3). He was required to register for life, but was not determined to be a sexually violent predator. (***See*** N.T. Sentencing, 10/14/14, at 19).

---

[8] ***See Commonwealth v. Grazier***, 713 A.2d 81, 82 (Pa. 1998) ("When a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one.") (citations omitted).

Appellant filed a *pro se* post-sentence motion for a new trial, or to vacate sentence. The court denied the motions on December 3, 2014. This timely appeal followed.[9]

In this appeal, Appellant raises **twenty-seven** claims, framed as fourteen numbered questions, for our review. To avoid confusion, and for completeness, we reproduce his questions verbatim to the extent possible.

> (1) Whether the trial court erred in allowing the jury to consider the issue of P.W.I.D. 35 § 780- 113(a)(30) [?] Trial Judge failed to instruct the jury on the element of possession nor did the Trial Judge instruct the jury on the element as to a specific date.

> (2) Whether the Trial Court erred when it denied access to the COMPLAINANT'S JUVENILE RECORD[?]

> (3) Whether SENIOR JUDGE JEFFREY A. SMITH erred when he denied access to C.P.S. & C.Y.S. records[?]

> (4) Whether the Trial Judge MAUREEN T. BEIRNE failed to recuse herself[?]

> (5) Whether SENIOR JUDGE JEFFREY A. SMITH erred when he denied access to the COMPLAINANT A.B.'S MENTAL HEALTH RECORDS[?]

> (6) Whether Trial Judge MAUREEN T. BEIRNE erred when she permitted STATE PAROLE OFFICER BRYAN BERRY testify [sic] as to unadmitted drug tests and whether it was prosecution misconduct when the [C]ommonwealth failed to disclose this witness to defense[?] This is a direct violation of ***BRADY V. MARYLAND***, 373 Super. (1963) [sic].

---

[9] The trial court did not order a statement of errors from Appellant. The court filed a Statement in Lieu of 1925 Opinion, on May 1, 2015. The Statement referenced the court's opinion and order of December 3, 2014, denying Appellant's post-sentence motions.

(7) Whether DISTRICT MAGISTRATE JONATHAN WILCOX erred when he bound over charges for P.W.I.D. with no dates as to any delivery's [sic] nor any controlled substances in evidence[?] Whether SENIOR JUDGE JEFFREY A. SMITH erred when he denied OMNIBUS MOTIONS because there was no PHYSICAL EVIDENCE nor any SPECIFIC DATE to any crime and the commonwealth failed to produce a more PARTICULAR BILL OF PARTICULARS[?]

(8) Did Trial Judge MAUREEN T. BEIRNE error [sic] when she took JUDICIAL NOTICE on the [C]ommonwealth's EXIBIT [sic] (2) "A.O.P." violating the rules of evidence after she ruled that any INDICIA OF TIA M. [B's] AGE was inadmissible for the Trial[?] Did Trial Judge MAUREEN T. BEIRNE error [sic] by not proclaiming a mistrial after TIA M. [B.] BLURTED OUT HER AGE, DEFYING THE COURT ORDER of 06/09/14[?]

(9) Did the Trial Judge error [sic] when she OMITTED part of the statute text for the INCEST charges over OBJECTION by defense, when she misled the JURY the [sic] INADEQUATE JURY INSTRUCTION on the charge of INCEST[?]

(10) Did the Trial Judge error [sic] when she didn't instruct the JURY on the issue of MIKE WHEELERS [sic] FALSE TESTIMONY[?] The JURY INSTRUCTION SHE GAVE WAS INADEQUATE.

(11) Did the lower courts error [sic] by not dismissing the defendant's charges after they denied him a PRELIMINARY ARRAIGNMENT AND DIDN'T PROVE THEY HAD JURISDICTION AND NEVER PROVED ON THE RECORD THAT BRADFORD COUNTY WAS THE PROPER VENUE FOR THIS TRIAL[?]

(12) Did the Trial Judge error [sic] when she lied in her final order denying the defendants [sic] motion for a new trial on 12/03/14 concerning the JURY seeing the [C]ommonwealth[']s exibit [sic] (2) "A.O.P." and prosecutor DANIEL J. BARRETT lieing [sic] in his brief in support of his argument that being that he lies saying that the jury wasn't told that the defendant and TIA M. [B.] were never married[?] And did Trial Judge MAUREEN T. BEIRNE error when she didn't declare a mistrial after Trial and evidence didn't prove BRADFORD COUNTY DIDN"T [sic] HAVE JURISDICTION OVER THE TRIAL[?]

- 6 -

(13) Did the Trial Judge error [sic] when she permitted the prosecutor to use evidence from cases, cp- 08- cr- 0000229 -13 & cp- O8 -cr- 0000283- 13(MARK & JESSE BRIGGS) after she ruled they were inadmissible for this Trial[?] Judge JEFFREY A. SMITH also denied the defense the use in his order dated 04/21/14 per count II.

(14) Did the Trial Judge error [sic] when TIA M. [B.] committed perjury under oath by lieing [sic] about what she was in jail for[?] Defense attempted to get the criminal record of TIA M. [B.] from the [C]ommonwealth on 03/12 & 03/13/14 in there [sic] request for discovery. The [C]ommonwealth denied this evidence because this prosecutor, prosecuted TIA M. [B.] for ROBBERY and failed to produce this information in direct violation of **BRADY V. MARYLAND**, SUPRA.(1963).

(Appellant's Brief, at 6-7) (emphases in original).

Preliminarily, we observe that Appellant presents us with a materially non-compliant brief. Appellant's brief of fifty-nine pages substantially exceeds the presumptively compliant length of thirty pages, but Appellant has failed to include a certification that the brief complies with the word count limits. **See** Pa.R.A.P. 2135(a)(1). Also, the correspondence between his questions raised and the points presented in his argument section is random and inconsistent.

More substantively, Appellant's arguments are meandering and un-focused, only sporadically referenced to the record, and often rely on sheer speculation unsupported by reference to the facts of record or controlling authority. (**See e.g.**, Appellant's Brief, at 17: [Victim] "would have said anything . . . to keep her[self] out of the juvenile facility." Similarly, he baldly states that "JUDGE JEFFREY A. SMITH COMMITTED MISCONDUCT IN

THIS HEARING BY ADVOCATING FOR THE COMMONWEALTH[,]" with five citations to the argument on the motion *in limine* but no discussion whatsoever.[10] (*Id.* at 22) (emphasis in original).

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101

Here, Appellant fails to develop meaningful arguments for the claims made and other particular points treated. He does not support his claims by pertinent discussion and citation of controlling authority. *See* Pa.R.A.P. 2119. All of these defects preclude meaningful review of the claims raised.

It is not the role of this Court to develop an argument for Appellant. *See J.J. DeLuca Co. Inc. v. Toll Naval Assocs.*, 56 A.3d 402, 411 (Pa. Super. 2012) ("We shall not develop an argument for [the appellant], nor shall we scour the record to find evidence to support an argument; consequently, we deem this issue waived.") (citation omitted).

Furthermore, the mere multiplication of claims *ad infinitum* is of no direct benefit in obtaining appellate relief. To the contrary it is often counter-productive:

---

[10] On independent review, we find the claim of judicial misconduct by advocacy for the Commonwealth utterly without foundation. (*See* N.T. Motions, 5/13/14, at 8-12).

When I read an appellant's brief that contains ten or twelve points, a presumption arises that there is no merit to any of them. I do not say that it is an irrebuttable presumption, but it is a presumption that reduces the effectiveness of appellate advocacy. Appellate advocacy is measured by effectiveness, not loquaciousness. [*S*]*ee also* . . . *Commonwealth v. Snyder*, 870 A.2d 336, 340 (Pa. Super. 2005) ("[T]he effectiveness of appellate advocacy may suffer when counsel raises numerous issues, to the point where a presumption arises that there is no merit to any of them.").

*Id.* at 410 (one citation omitted).

[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101.

*Commonwealth v. Lyons*, 833 A.2d 245, 251-52 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005) (case citation omitted). "Failure to conform with the requirements of rules of court is grounds for dismissal. *See* Pa.R.A.P. 2101." *First Lehigh Bank v. Haviland Grille, Inc.*, 704 A.2d 135, 138 n.2 (Pa. Super. 1997).

In this appeal, Appellant asks that his brief be reviewed under less stringent standards than a counseled brief. (*See* Appellant's Brief, at un-numbered page 2). However, under controlling authority, he is not entitled to special review. *See Lyons*, *supra* at 251-52.

To the contrary, on questioning by the trial judge at the *Grazier* hearing, Appellant expressly acknowledged that he was still bound by all the

normal rules and procedures, just as an attorney would be, and that if his issues were not properly presented, they would be waived. (***See*** Waiver Hearing, 9/16/14, at 17-18).

Accordingly, we dismiss Appellant's appeal for failing to present a brief which conforms to our Rules of Appellate Procedure, for failure to develop properly referenced arguments, and failure to support the arguments with pertinent authority. ***See*** Pa.R.A.P. 2101; ***Lyons***, ***supra*** at 251-52; ***First Lehigh Bank***, ***supra*** at 138 n.2.

Appeal dismissed.[11]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/12/2015

---

[11] Moreover, on independent review, we conclude that none of Appellant's claims has any merit. If we were to review Appellant's issues on the merits, we would affirm on the basis of the trial court's opinion. (***See*** Opinion and Order, 12/03/14). We have attached a copy of the trial court's opinion for the convenience of the reader.