J-S61008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELWOOD JOHNSON | : | |
| | : | |
| Appellant | : | No. 1330 EDA 2019 |

Appeal from the PCRA Order Entered April 17, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0009065-2006

BEFORE:   BOWES, J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                    **FILED NOVEMBER 21, 2019**

Elwood Johnson appeals from the April 17, 2019 order dismissing his eighth petition for collateral relief under the Post-Conviction Relief Act ("PCRA") as untimely.  We affirm.

This Court previously provided an apt summary of the factual and procedural background of this case:

> In September 2006, the authorities began investigating Appellant's involvement in a drug trafficking organization led by Jose Cabrera.  A confidential informant ("Informant 1") told the authorities Appellant possessed and sold cocaine.  The authorities subsequently used Informant 1 to conduct three controlled purchases of narcotics from Appellant.  During each transaction, Appellant utilized the same black Honda.  Through surveillance, the police confirmed Appellant would often travel in his vehicle to his mother's residence at 1317 Locust Street in Norristown.  In October 2006, a second confidential informant ("Informant 2") told police Appellant stored illegal drugs at 1317 Locust Street.

---

[*] Former Justice specially assigned to the Superior Court.

The authorities subsequently obtained court orders to intercept the telephone conversations of Appellant, Mr. Cabrera, Abraham Martinez, and other members of [Mr. Cabrera's] organization. The intercepted telephone conversations revealed Appellant had purchased cocaine from Mr. Cabrera on October 12, 2006. Conversations between Appellant and Mr. Cabrera confirmed Appellant was selling this cocaine, and Appellant anticipated purchasing additional cocaine from Mr. Cabrera. On October 25, 2006, the authorities executed a search warrant at 1317 Locust Street, recovering 248.41 grams of cocaine. That same day, authorities raided other properties associated with the Cabrera organization. The authorities also arrested Mr. Cabrera and Mr. Martinez, both of whom later agreed to testify against Appellant at trial.

. . . .

Following trial, a jury found Appellant guilty of two counts each of possession of a controlled substance, corrupt organizations, and criminal use of communication facility, and one count each of [possession of a controlled substance with intent to deliver ("PWID")], conspiracy, and dealing in proceeds of unlawful activities. On February 5, 2009, the [trial] court sentenced Appellant to an aggregate term of sixteen and one-half (16½) to thirty-three (33) years' imprisonment. . . .

**Commonwealth v. Johnson**, 11 A.3d 1014 (Pa.Super. 2010) (unpublished memorandum at 1-3).

Appellant filed a direct appeal challenging the sufficiency and weight of evidence presented by the Commonwealth, and the discretionary aspects of his sentence. On August 6, 2010, a panel of this Court affirmed Appellant's judgment of sentence. **Id**. Appellant submitted a petition for allowance of appeal to the Pennsylvania Supreme Court, which denied it on March 9, 2011. **See Commonwealth v. Johnson**, 20 A.3d 485 (Pa. 2011).

On April 29, 2011, Appellant timely filed his first, *pro se* PCRA petition. Counsel was appointed to represent Appellant, who found no meritorious issues and sought to withdraw pursuant to the framework established under ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). The PCRA court dismissed Appellant's first petition consistent with counsel's averments. However, while Appellant was represented, the PCRA court accepted and responded to a number of *pro se* filings from Appellant that raised various allegations without the assistance of counsel. Appellant appealed to this Court. While that appellate review was still pending, Appellant filed a second PCRA petition that was dismissed as duplicative.[1] Thereafter, this Court concluded that the PCRA court's acceptance and engagement with Appellant's *pro se* filings constituted "significant procedural error," vacated the dismissal of Appellant's first PCRA petition, and remanded to the PCRA court. ***See Commonwealth v. Johnson***, 64 A.3d 25 (Pa.Super. 2012) (unpublished memorandum). Immediately after remand, Appellant filed a third PCRA petition that was also dismissed as duplicative. On May 31, 2013, the PCRA court dismissed Appellant's first PCRA petition again. Appellant did not appeal.

---

[1] ***See Commonwealth v. Lark***, 746 A.2d 585, 588 (Pa. 2000) ("[W]hen an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon expiration of the time for seeking such review.").

Between July 18, 2013, and February 1, 2017, Appellant filed four more PCRA petitions, which were all dismissed by the PCRA court as lacking merit and/or failing to abide by the timeliness requirements attendant to the PCRA pursuant to 42 Pa.C.S. § 9545(b). The dismissals were uniformly affirmed by this Court in unpublished memorandums. **See**, **e.g.**, **Commonwealth v. Johnson**, 108 A.3d 120 (Pa.Super. 2014) (unpublished memorandum); **Commonwealth v. Johnson**, 159 A.3d 39 (Pa.Super. 2016) (unpublished memorandum); **Commonwealth v. Johnson**, 183 A.3d 1049 (Pa.Super. 2018) (unpublished memorandum).

The instant PCRA petition, Appellant's eighth such submission, was filed on February 5, 2019. On April 17, 2019, the PCRA court dismissed Appellant's serial petition as untimely under the PCRA. On May 2, 2019, Appellant predictably appealed to this Court. On the same day, Appellant filed a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), despite the lack of an order from the PCRA court directing him to do so. On July 17, 2019, the PCRA court filed an opinion explaining its rationale behind dismissing Appellant's eighth PCRA petition.

In pertinent part, Appellant claims in his brief to this Court that he never received a copy of the arrest warrant in his case, and allegedly learned for the first time in December 2018 that there is not an arrest warrant present in the certified record. In relevant part, Appellant avers that this is the result of governmental interference. **See** Appellant's brief at 7 ("[T]he prosecution not only suppressed the fact that an arrest warrant for Appellant[']s arrest was

- 4 -

not issued, they covered it up by sending Appellant docket transcripts stating that there was an arrest warrant issued for Appellant . . . on October 30, 2006, which they [cannot] . . . produce . . . .").

Our standard and scope of review in this context is well-articulated under existing Pennsylvania precedent: "On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." ***Commonwealth v. Edmiston***, 65 A.3d 339, 345 (Pa. 2013). We must view the evidence of record in the light most favorable to the prevailing party at the PCRA court level. ***See Commonwealth v. Koehler***, 36 A.3d 121, 131 (Pa. 2012). However, we apply a *de novo* standard of review with specific regard to the PCRA court's legal conclusions. ***Commonwealth v. Spotz***, 18 A.3d 244, 259 (Pa. 2011).

Before we may address the underlying merits of Appellant's eighth PCRA petition, we must assess whether the petition is timely, or subject to one of the exceptions to the timeliness requirements under the PCRA. ***See Commonwealth v. Walters***, 135 A.3d 589, 591-92 (Pa.Super. 2016) ("[T]he PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed.").

In pertinent part, the PCRA provides as following regarding timeliness:

**(b) Time for filing petition.**—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United Sates;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; . . . .

. . . .

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S. § 9545(b). In reviewing these statutory provisions, it is also important to note that "there is no generalized equitable exception to the jurisdictional one-year time bar pertaining to post-conviction petitions." *Commonwealth v. Brown*, 943 A.2d 264, 267 (Pa. 2008).

Instantly, direct review of Appellant's judgment of sentence concluded on March 9, 2011, when our Supreme Court denied Appellant's petition for allowance of appeal. *See Commonwealth v. Johnson*, 20 A.3d 485 (Pa. Mar. 9, 2011). Therefore, Appellant's judgment of sentence became final for the purposes of PCRA timeliness on June 7, 2011, or ninety days after the time for Appellant to file a writ of *certiorari* in the U.S. Supreme Court had expired. *See* 42 Pa.C.S. § 9545(b)(3); *see also* U.S. Sup. Ct. R. 13. Thus,

Appellant had until June 7, 2012, to file a facially timely PCRA. *See* 42 Pa.C.S. § 9545(b)(1). Consequently, Appellant's eighth PCRA petition is untimely by more than seven years.

Appellant claims that the exceptions at 42 Pa.C.S. §§ 9545(b)(1)(i)-(ii) respecting government interference and newly discovered facts should apply in this case. We will begin by addressing the governmental interference exception, which the Commonwealth contends that Appellant has waived under Pa.R.A.P. 1925(b)(4)(vii).

Although Appellant was not directed to file a Rule 1925(b) concise statement by the PCRA court, his decision to gratuitously file one on his own initiative entails the same waiver analysis under Pa.R.A.P. 1925(b)(4)(vii). *See Commonwealth v. Snyder*, 870 A.2d 336, 341 (Pa.Super. 2005) ("If we were to find that because he was not ordered to file a [Rule] 1925(b) statement, he has not waived the issues he neglected to raise in it, we would, in effect, be allowing appellant to circumvent the requirements of the Rule."). The Commonwealth asserts that Appellant has waived any arguments concerning the governmental interference exception to timeliness under the PCRA. *See* 42 Pa.C.S. § 9545(b)(i). We agree. Appellant's concise statement clearly limits his arguments to the PCRA timeliness exception at § 9545(b)(ii), and there is no mention of the exception concerning governmental interference. As such, this issue has been waived. *See Commonwealth v.*

*Hill*, 16 A.3d 484, 494 (Pa. 2011) ("[A]ny issues not raised in a Rule 1925(b) statement will be deemed waived; . . . .").

We will turn to Appellant's arguments concerning the newly discovered material facts exception. In order to successfully invoke this exception to timeliness under the PCRA, Appellant must plead and prove that: "(1) the **facts** upon which the claim [is] predicated` were **unknown** and (2) could not have been ascertained by the exercise of **due diligence**." *Commonwealth v. Hart*, 199 A.3d 475, 481 (Pa.Super. 2018) (emphasis in original). Due diligence "requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim or collateral relief," but does not call for "perfect vigilance [or] punctilious care." *Id.*

Appellant's invocation of this exception relates to the alleged absence of an arrest warrant in the certified record. Appellant claims that he was unaware of this "missing" document until he directed a family member to obtain a copy of the filing from the Montgomery County Clerk of Courts.[2] *See*

---

[2] Even assuming, *arguendo*, that no arrest warrant was ever issued for Appellant, it appears that the Commonwealth fully complied with the requirements of Pa.R.Crim.P. 519(A)(1) ("[W]hen a defendant has been arrested without a warrant in a court case, a complaint shall be filed against the defendant and the defendant shall be afforded a preliminary arraignment by the proper issuing authority without unnecessary delay."). A criminal complaint was filed against Appellant on November 24, 2006. On the same day, Appellant voluntarily appeared for a preliminary arraignment. Although we do not reach the merits of Appellant's arguments, it is entirely unclear what the gravamen of Appellant's actual claim for relief may be as it relates to the "missing" arrest warrant.

Appellant's brief at 11. As an initial matter, Appellant's claim that he did not realize that there was no arrest warrant in his case for the better part of a decade beggars belief. Even assuming, *arguendo*, that this information constituted "new" facts that were unknown to Appellant, he has failed to plead due diligence. ***See Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa.Super. 2015) (holding that PCRA due diligence requirement must be strictly enforced). In relevant part, Appellant's only argument along these lines is a general averment in his PCRA petition that he was not under an obligation to act with due diligence because he was allegedly told by a member of law enforcement that an arrest warrant had been issued in the case. However, Appellant has not offered any rational explanation regarding why he could not have determined the absence of the arrest warrant in the intervening eight years. As such, Appellant has not established that he acted with due diligence. ***See Commonwealth v. Smith***, 194 A.3d 126, 135 (Pa.Super. 2018) (holding that defendant did not satisfy due diligence requirement by offering no reasonable explanation for a 13-year delay in obtaining new evidence). Therefore, § 9545(b)(1)(ii) is inapplicable.

Overall, we conclude that Appellant has failed to satisfy the timeliness exceptions to the PCRA. As such, we affirm the trial court's dismissal of Appellant's eighth PCRA petition as untimely.

Order affirmed

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/21/19</u>