J-S63012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DARRYL (DEWS) WEST | : | |
| | : | |
| Appellant | : | No. 743 EDA 2019 |

Appeal from the PCRA Order Entered February 5, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001366-2012,
CP-51-CR-0001772-2012, CP-51-CR-0014064-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DARRYL DEWS | : | |
| | : | |
| Appellant | : | No. 744 EDA 2019 |

Appeal from the PCRA Order Entered February 5, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001366-2012,
CP-51-CR-0001772-2012, CP-51-CR-0014064-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DARRYL DEWS | : | |
| | : | |
| Appellant | : | No. 745 EDA 2019 |

Appeal from the PCRA Order Entered February 5, 2019

J-S63012-19

In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0001366-2012,
CP-51-CR-0001772-2012, CP-51-CR-0014064-2011

BEFORE:   GANTMAN, P.J.E., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY GANTMAN, P.J.E.:                **FILED JANUARY 16, 2020**

Appellant, Darryl (Dews) West, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition filed under the Post Conviction Relief Act ("PCRA").[1]  Based on this Court's decision in **Commonwealth v. Creese**, 216 A.3d 1142 (Pa.Super. 2019), we are constrained to quash the appeal.

The relevant facts and procedural history of this case are as follows.  On September 24, 2013, a jury convicted Appellant at three docket numbers of 12 counts of robbery and three counts each of conspiracy and possessing instruments of crime, in connection with Appellant's robberies of three barbershops.  The court sentenced Appellant on November 8, 2013, to an aggregate 50 to 100 years' imprisonment.  This Court affirmed the judgment of sentence on July 28, 2015, and our Supreme Court denied allowance of appeal on February 14, 2018.  **See Commonwealth v. Dews**, 125 A.3d 462 (Pa.Super. 2015), *appeal denied*, 645 Pa. 570, 181 A.3d 1080 (2018).

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

- 2 -

Appellant timely filed a *pro se* PCRA petition on May 10, 2018, and a *pro se* supplemental PCRA petition on June 25, 2018. The court appointed counsel, who subsequently filed a motion to withdraw and **Turner**/**Finley** "no-merit" letter.[2] On December 14, 2018, the court issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907. Appellant responded *pro se* on January 17, 2019. On February 5, 2019, the court denied PCRA relief and let counsel withdraw. Appellant filed a *pro se* notice of appeal at each underlying docket, on February 28, 2019.[3] Each notice of appeal listed all three docket numbers. Appellant attached to each notice of appeal a "petition for permission to file [Rule] 1925(b) statement," stating the issues he intended to raise on appeal. On March 8, 2019, the court ordered Appellant to file a concise statement per Pa.R.A.P. 1925(b). Appellant did not respond.[4]

Appellant raises the following issues on appeal:

> WHETHER...TRIAL COUNSEL FAILED TO INVESTIGATE AND PRESENT MITIGATING EVIDENCE OF TRAUMATIC AND ABUSIVE CHILDHOOD OR CALL AVAILABLE CHARACTER

---

[2] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[3] This Court consolidated the appeals.

[4] In its opinion, the PCRA court stated Appellant's issues were waived because Appellant did not respond to the Rule 1925(b) order. Nevertheless, Appellant's "petition for permission to file [Rule] 1925(b) statement," constituted a "preemptive" Rule 1925(b) statement, which merely limited Appellant to raising on appeal the issues included in that filing. **See generally Commonwealth v. Snyder**, 870 A.2d 336 (Pa.Super. 2005) (explaining that where appellant files Rule 1925(b) statement on his own accord he is limited on appeal to raising those issues presented in voluntary concise statement).

WITNESS[ES] VIOLAT[ING] HIS RIGHT UNDER THE SIXTH AMENDMENT TO THE U.S. CONSTITUTION AND ART. 1., SEC. 9 & 10 OF THE PENNSYLVANIA CONSTITUTION PURSUANT TO **WILLIAMS V. TAYLOR**, 529 U.S. 362 [, 120 S.CT. 1495, 146 L.ED.2D 389] (2000) AND **WIGGINS V. SMITH**, 5[3]9 U.S. 510[, 123 S.CT. 2527, 156 L.ED.2D 471] (2003)[?]

WHETHER...TRIAL COUNSEL FAILED TO PRESERVE ON DIRECT APPEAL THE LEGALITY OF SENTENCING [APPELLANT] TO CONSECUTIVE TEN TO TWENTY [YEARS' INCARCERATION] FOR A SINGLE CRIMINAL EPISODE OF BROTHER BARBERSHOP VIOLAT[ING] HIS RIGHTS UNDER THE FIFTH AMENDMENT TO THE U.S. CONSTITUTION AND ART. 1, SEC. 9 OF THE PENNSYLVANIA CONSTITUTION PURSUANT TO **COMMONWEALTH V. BRADLEY**, 575 PA. 141[, 834 A.2D 1127] (2003) AND **COMMONWEALTH V. MCCLINTIC**, [589 PA. 465,] 909 A.2D 1241 [(2006)?]

WHETHER...TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO [REQUEST] AN INSTRUCTION ON EYEWITNESS IDENTIFICATION TESTIMONY (1) TO TELL THE JURY IT COULD RECEIVE THE TESTIMONY WITH CAUTION AND (2) PREJUDICE [APPELLANT'S] DEFENSE THAT CREATED A CONCLUSIVE PRESUMPTION THAT THE EYEWITNESS'S CERTAINTY MADE HIS IDENTIFICATION UNASSAILABLE VIOLAT[ING] [APPELLANT'S] RIGHT UNDER THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION AND ART. 1, SECS 9 & 10 OF THE PENNSYLVANIA CONSTITUTION PURSUANT TO **COMMONWEALTH V. KLOIBER**, [378 PA. 412,] 106 A.2D 820 [(1954), *CERT. DENIED*, 348 U.S. 875, 75 S.CT. 112, 99 L.ED. 688 (1954)] AND **SANDSTROM V. MONTANA**, 442 U.S. 510[, 99 S.CT. 2450, 61 L.ED.2D 39] (1979)[?]

WHETHER THE JURY SELECTION PROCEDURE IMPLICATED DUE PROCESS, SIXTH AMENDMENT AND EQUAL PROTECTION PRINCIPLES WHEN APPELLANT [WAS NOT] PRESENT DURING THIS CRITICAL STAGE OF *VOIR DIRE* OF POTENTIAL JUROR #10 PRIOR TO [TRIAL] VIOLAT[ING] HIS RIGHTS TO [A] JURY TRIAL UNDER THE FIFTH AND FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION AND ART. 1, SECS 9 & 10 OF THE PENNSYLVANIA CONSTITUTION PURSUANT TO **MCDONOUGH POWER**

*EQUIP V. GREENWOOD*, 464 U.S. 548[, 104 S.CT. 845, 78 L.ED.2D 663] (1984)[?]

WHETHER FAILURE OF THE COMMONWEALTH TO DISCLOSE UNDERSTANDING WITH WITNESS ABOUT TESTIFYING WAS A *BRADY*[ *V. MARYLAND*, 373 U.S. 83, 83 S.CT. 1194, 10 L.ED.2D 215 (1963)] VIOLATION, WHICH TRIAL COUNSEL NEVER PRESERVED THIS CLAIM ON DIRECT APPEAL VIOLATED [APPELLANT'S] RIGHT UNDER THE SIXTH AND FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION AND ART. 1, SECS 9 & 10 OF THE PENNSYLVANIA CONSTITUTION PURSUANT TO *COMMONWEALTH V. STRONG*, 563 PA. 455[, 761 A.2D 1167 (2000)] AND *NAPUE V. ILLINOIS*, 360 U.S. 264[, 79 S.CT. 1173, 3 L.ED.2D 1217] (1959)[?]

WHETHER…THE COMMONWEALTH['S] FAILURE TO DISCLOSE PERSONNEL FILE AND OTHER INFORMATION ABOUT DET. ANTHONY JACKSON FOR BIAS AND PREJUDICE, WHICH THIS INFORMATION WAS CRITICAL TO [APPELLANT'S] DEFENSE VIOLATED HIS RIGHT UNDER THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION AND ART. 1, SECS 9 & 10 OF THE PENNSYLVANIA CONSTITUTION PUSUANT TO *BRADY*[*, SUPRA*] AND *GIGLIO V. UNITED STATES*, 405 U.S. 150[, 92 S.CT. 763, 31 L.ED.2D 104] (1972)[?]

(Appellant's Brief at 3-4).

Preliminarily, on June 1, 2018, our Supreme Court held in *Commonwealth v. Walker*, 646 Pa. 456, 185 A.3d 969 (2018), that the common practice of filing a single notice of appeal from an order involving more than one docket will no longer be tolerated, because the practice violates Pa.R.A.P. 341, which requires the filing of "separate appeals from an order that resolves issues arising on more than one docket." *Walker, supra* at 469, 185 A.3d at 977. The failure to file separate appeals under these circumstances "requires the appellate court to quash the appeal." *Id.*

- 5 -

Recently, in *Creese*, a panel of this Court interpreted *Walker* "as instructing that we may not accept a notice of appeal listing multiple docket numbers, even if those notices are included in the records of each case. Instead a notice of appeal may contain only one docket." *Id.* at 1144.

Instantly, Appellant filed three *pro se* notices of appeal, one at each underlying docket. Appellant's notices of appeal pre-date *Creese*, so he arguably complied with *Walker*, which did not specify a "one docket number only per notice of appeal" mandate. We also recognize that Appellant, who is *pro se*, had no way to intuit the additional requirement *Creese* grafted onto *Walker*. Still, we are bound by *Creese*, which expressly prohibits a notice of appeal listing multiple docket numbers. Accordingly, we must quash this appeal.[5]

Appeal quashed.

Judge Murray joins this memorandum.

Judge Strassburger files a dissenting statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/16/20

---

[5] Moreover, we would have affirmed the denial of PCRA relief because each of Appellant's claims is waived or otherwise merits no relief.