J-S30039-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CORIE REX HILLIARD | : | |
| | : | |
| Appellant | : | No. 90 WDA 2020 |

Appeal from the Order Entered December 30, 2019
In the Court of Common Pleas of Somerset County Criminal Division at
No(s): CP-56-CR-0000361-2011

BEFORE: MURRAY, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: FILED JULY 29, 2020

Appellant Corie Rex Hilliard appeals pro se from the Order entered in the Court of Common Pleas of Somerset County on December 30, 2019, denying as untimely his habeas corpus action which it treated as a second petition filed pursuant to the Post Conviction Relief Act (PCRA).[1] We affirm.

This Court previously set forth the facts and procedural history herein as follows:

> On December 12, 2011, Appellant pled guilty to six counts of involuntary deviate sexual intercourse (IDSI) with a child under the age of thirteen, graded as a first-degree felony under 18 Pa.C.S.A. § 3123(b), and numerous other charges related to his sex crimes were withdrawn. N.T. Guilty Plea Hearing, 12/11/11, at 9.[2] Although Appellant originally had been charged with twelve counts under 18 Pa.C.S.A. § 3123(a)(6), the District Attorney orally moved to amend the criminal information at the outset of

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§9541-9546.

the guilty plea hearing to substitute Subsection 3123(b) for Subsection 3123(a)(6). Id. at 3.[3]

On April 11, 2012, Appellant was sentenced to an aggregate term of twenty (20) years to forty (40) years in prison. N.T. Sentencing, 4/11/12, at 25–26. Appellant also was informed that "the Pennsylvania statue known as Megan's Law requires that you be notified of your obligation to register under that law; and, because of the nature of the charges that you've pled guilty to and been sentenced on here today, the term of registration will be for the rest of your life." Id. at 28. The trial court denied Appellant's post sentence motion in an Order entered on May 22, 2012, and he did not file a direct appeal.

On March 17, 2016, Appellant filed a petition for writ of habeas corpus, pro se, which the PCRA court properly treated as his first PCRA petition. On March 21, 2016, the PCRA court issued its notice of intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. Therein, the PCRA court opined that the petition was frivolous in light of the fact Appellant pled guilty to six counts under Section 3123(b), not Section 3123(a)(1) and because it was filed more than a year after Appellant's judgment of sentence had become final.

Appellant filed a timely appeal with this Court. Upon finding the petition was Appellant's first filing and, therefore, he was entitled to the appointment of counsel, we vacated the Order denying the PCRA petition and remanded to the PCRA court for the appointment of counsel. See Commonwealth v. Hilliard, No. 1052 WDA 2016, 2017 WL 1049658, unpublished memorandum at 4 (Pa.Super. filed March 20, 2017).

Upon remand, counsel was appointed, and the PCRA court heard argument on May 5, 2017. At that time, counsel discussed Appellant's alleged confusion regarding the specific charges on which he had been sentenced. However, counsel clarified that Appellant did not dispute that at the time he entered his guilty plea, he pled guilty to six counts under Section 3123(b). NT. PCRA Argument, 5/5/17, at 4–6.

Counsel filed an amended PCRA petition on June 5, 2017. Therein, Appellant maintained he had not been sentenced on the crimes to which he had pled guilty, as the transcript of the guilty plea hearing and the docket entries were unclear as to what provisions under which he was sentenced. See Amended Petition for Post–Conviction Collateral Relief, filed 6/5/17, at 1–2.

In its Order entered on September 12, 2017, the PCRA court denied the petition, and Appellant filed a timely appeal on September 14, 2017. . . .

___

[3] "Section 3123(a)(6), which provided a person commits a felony of the first degree when he or she engages in deviate sexual intercourse with a complainant who is less than 13 years of age, was … deleted [in 2002]." Commonwealth v. Snyder, 870 A.2d 336, 340 n.2 (Pa.Super. 2005). The amended statute included Section 3123(b) as the "identical provision," providing that "[a] person commits [IDSI] with a child, a felony of the first degree, when the person engages in deviate sexual intercourse with a complainant who is less than 13 years of age." 18 Pa.C.S.A. § 3123(b); see id.

Commonwealth v. Hilliard, No. 1370 WDA 2017, 2018 WL 1062414, at *1–2 (Pa.Super. filed Feb. 27, 2018). Following our review, we affirmed the PCRA court's Order denying Appellant's PCRA petition as untimely.

On January 18, 2019, Appellant filed pro se what he titled "Habeas Corpus/Plea Enforcement for Breach of Contract Petition." Therein, he maintained his "confinement due to the imposition of sentence is a Breach of Contract." See Petition at ¶ 1. Appellant reasoned his sentence was "impossible due to the voidness of the charge he pled guilty to." Id. at ¶ 4. Appellant explained that his sentence and conviction were void because they were based upon Section 3123(b) though he initially had been charged under Section 3123(a)(6). Appellant concluded that treating his petition as a second PCRA rather than a Habeas Corpus petition would be in error. Id. at ¶ 1.

On May 22, 2019, the PCRA Court filed its Notice of Intention to Dismiss Petition Pursuant to Pa.R.C.P. 907(1), and Appellant filed his response thereto on June 6, 2019. In its lengthy December 30, 2019, Order Dismissing Petition Pursuant to Pa.R.C.P. 907(1), the PCRA court recounted the factual and

procedural history herein and found no merit to Appellant's claims. On January 17, 2020, Appellant filed his notice of notice of appeal, and the requirements of Pa.R.A.P. 1925 have been met.

In his brief, Appellant presents the following Statement of Questions Involved:

1. Whether the Lower Court erred in dismissing Appellants petition for habeas corpus/plea enforcement for breach of contract as a PCRA petition instead of a contract enforcement action.

2. Whether the Lower Court erred in it's assessment of the Appellants petition by determining that the legality of the amendment of 3123(a)(6) to 3123(b) was the Petitioners argument.

3. Whether the lower Court erred in it's assessment of the Appellants petition by determining that the Petitioners claim of illegalities pertaining to the amendment of 3123(a)(6) to 3123(b) was frivolous concerning Rule 564 in detail.

Brief for Appellant at 2.[2]

Preliminarily, we note that the PCRA court correctly treated Appellant's pro se Habeas Corpus action solely as a PCRA petition. The PCRA subsumes the writ of habeas corpus to the extent that the grounds on which the petitioner seeks relief fall within the scope of claims for which the PCRA could offer a remedy. This is so regardless of whether the PCRA's time-bar prevents a petitioner from obtaining relief under the PCRA. See Commonwealth v.

---

[2] In a letter filed with this Court on May 13, 2020, the Commonwealth indicated it would not be filing a brief herein because it viewed the claims Appellant has raised herein as "frivolous and untimely."

Taylor, 65 A.3d 462, 465-66 (Pa.Super. 2013). In other words, any claim for relief that is cognizable under the PCRA must be treated as a PCRA petition, and titling a petition as a petition for a writ of habeas corpus does not avoid the PCRA's timeliness requirements. See id. at 466.

We next analyze Appellant's issues pursuant to our well-established standard of review:

> This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

Commonwealth v. Turetsky, 925 A.2d 876, 879 (Pa.Super. 2007) (citations omitted).

> Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Commonwealth v. Monaco, 996 A.2d 1076, 1079 (Pa.Super. 2010) (citations omitted).

> [There are] three statutory exceptions to the timeliness provisions in the PCRA [that] allow for the very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petitioner must allege and prove:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

Id. at 1079-80 (citing 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii)).

Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented.[3] 42 Pa.C.S.A. § 9545(b)(2). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." Commonwealth v. Marshall, 596 Pa. 587, 947 A.2d 714, 719 (2008) (citation omitted).

Herein, Appellant essentially attempts to refashion as a breach of contract claim the argument he set forth in his first PCRA petition in an attempt to circumvent the PCRA time-bar. As the trial court correctly concluded:

_____

[3] 42 Pa.C.S.A. § 9545(b)(2) previously provided that a petition invoking a timeliness exception was required to be filed within sixty days of the date the claim could first have been presented. However, effective December 24, 2018, the legislature amended Subsection 9545(b)(2) to read: "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." See 42 Pa.C.S.A. § 9545(b)(2) (effective December 24, 2018). The amendment to Subsection 9545(b)(2) only applies to "claims arising on [December] 24, 2017, or thereafter." See id., cmt. Assuming, arguendo, the amended version is applicable to the instant matter we conclude Appellant has not otherwise met his burden of pleading and proving any of the timeliness exceptions.

"[Appellant] is neither seeking enforcement of his plea agreement, nor arguing that he involuntarily and unknowingly entered his plea  He is merely trying to characterize his original PCRA claim in a way that avoids the PCRA's timing requirement. . . . [Appellant's] true argument is that amending the criminal information deprived him of the defense that Section 3123(a)(6) is void."  See Order Dismissing Petition Pursuant to Pa.R.C.P. 907(1) at 7.

However, this Court found no merit to his position that his sentence was illegal, for he was sentenced under Section 3123(b) - the section to which he pled guilty.  As we previously held:

> Appellant first asserts he is serving an illegal sentence because the charges to which he pled guilty were not clarified prior to his guilty plea, and, therefore, "he falls under the constitutional right exception in that he was 'sentenced[…]under a statute that he neither pled guilty to nor was convicted of.' " Brief for Appellant at 13. This bald allegation is insufficient to overcome the PCRA time-bar. Appellant does not maintain that his failure to assert this claim in a timely PCRA petition was the result of governmental interference, based upon facts that were previously unknown to him or the product of a newly-recognized constitutional right.
>
> Moreover, a review of the record belies this assertion, for Appellant, who was present with counsel in the courtroom at the guilty plea hearing, pled guilty to six counts of 18 Pa.C.S.A. § 3123(b) after the sentencing court engaged Appellant in a thorough written and oral colloquy prior to his entering his plea. See Written Guilty Plea Questionnaire, dated 12/12/11; N.T. Guilty Plea, 12/12/11, at 4–11. Importantly, Appellant did not object to the amendment of the criminal information at the outset of the guilty plea hearing, and he does not contend herein that such amendment was improper. Indeed, as this Court has stated, Section 3123(b), an "identical provision," replaced Section 3123(a)(6). See Snyder, supra. As such, the trial court properly found this claim was untimely and lacked merit.

Commonwealth v. Hilliard, No. 1370 WDA 2017, 2018 WL 1062414, at *3 (Pa.Super. filed Feb. 27, 2018).

Therefore, in light of the foregoing, we conclude Appellant has not met any of the timeliness exceptions to the PCRA time bar. Therefore, we conclude the PCRA court properly dismissed Appellant's instant PCRA petition on the basis it was untimely filed.

Order Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/29/2020