J-S27018-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SETH RANDALL FISHER | : | |
| | : | |
| Appellant | : | No. 1104 WDA 2020 |

Appeal from the Judgment of Sentence Entered October 13, 2020
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0002576-2019

BEFORE: OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:          **FILED: OCTOBER 12, 2021**

Appellant Seth Randall Fisher appeals from the judgment of sentence following a jury trial and convictions for persons not to possess firearms, possession of firearm with altered manufacturer's number, receiving stolen property, firearms not to be carried without a license, and penalties for sale or transfer of firearms.[1] Appellant challenges the sufficiency of evidence for all of his convictions, and contends that the firearm had a legible, but scratched, serial number. We reverse the conviction for possession of firearm with altered manufacturer's number, affirm the remaining convictions, vacate the judgment of sentence, and remand for resentencing.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 6105(a)(1), 6110.2(a), 3925(a), 6106(a)(1), and 6111(g)(1), respectively.

We state the facts as presented by the trial court:

On February 1, 2016, undercover Pennsylvania State Trooper Gavrish was contacted by a confidential informant who indicated that he could arrange for the undercover trooper to purchase a firearm from the Appellant. At about 5:30 [a.m.] on that date, the undercover trooper and confidential informant went to a local business in the City of Connellsville, Fayette County. A short time after they arrived, the Appellant approached their vehicle and entered the rear driver's side of the vehicle.[2] They were directed by the Appellant to drive to an alley at the rear of 235 East Fairview Avenue, which is the address listed on the Appellant's driver's license. When questioned why the Appellant didn't have the firearm with him, the Appellant stated that he wasn't allowed to walk around with a gun. After the Appellant returned from the residence, he entered the vehicle, pulled out a firearm and began to wipe it down with his sweat shirt. He handed the gun to the undercover trooper. The Appellant handed a Kel-Tec nine [millimeter] pistol, black in color with the serial number scratched and altered. The Appellant sold the firearm to the undercover trooper.

The [police were] later able to determine that the serial number was SNX47. The trooper determined that the gun had been reported stolen. Danielle Rowe testified that she had purchased the firearm in 2014. She reported the gun stolen in January 2016. While with a former boyfriend, Ms. Rowe was moving some items including the firearm which she kept in a pink and purple camo case. Her boyfriend picked up the Appellant and gave him a ride. Her boyfriend, David Rhodes[,] testified that the gun was in the case on the back seat of his vehicle when he gave the Appellant a ride. The Appellant asked questions about the weapon during the ride. [Mr. Rhodes] stated it was a day or two later when the gun was determined to be missing but the case was still in the vehicle. He further testified that Appellant was the only person who had been in the back seat of his vehicle and he always locked his vehicle when he exited it. The firearm had been tested at the Greensburg Regional Laboratory and was found to be functional . . . .

_____

[2] Trooper Gavrish explicitly identified Appellant in court. N.T. Trial, 9/21/20, at 23.

> Testimony was presented that the Appellant was not licensed to carry a firearm and [outside of the presence of the jury,] his attorney stipulated that he is part of a class of persons who are not permitted to own or possess a firearm as he had a former felony conviction.

Trial Ct. Op., 11/2/20, at 2-3 (unpaginated) (citations omitted).[3]  The confidential informant did not testify.

With respect to the firearm's serial number, the Commonwealth only presented Trooper Gavrish, who testified that when he examined the firearm, he "looked on the back of the firearm, directly above where you would grip it and the serial number was there and it was scratched and altered," "but the serial number on it was SNX47."  N.T. Trial at 25.  The trooper similarly testified that after he bought the gun and returned to the barracks, he "examined [the firearm], like I said, at first glance I noticed that the serial number was altered or scratched off.  We were still able to determine the serial number through the scratch and it appeared to be" SNX47.  *Id.* at 26.  He checked the serial number against "the Clean NCIC system,"[4] and learned the gun was stolen in 2016.  *Id.* at 27.  The jury convicted Appellant of the above charges.

---

[3] At the time of trial, Trooper Gavrish testified that he no longer works in a full undercover capacity.  *See* N.T. Trial at 19.

[4] "CLEAN is the Commonwealth Law Enforcement Assistance Network.  NCIC is the FBI's National Crime Information Center."  *Commonwealth v. Freeman*, 150 A.3d 32, 33 n.2 (Pa. Super. 2016).

On September 22, 2020, the trial court sentenced Appellant to an aggregate term of 66 to 132 months' imprisonment. Appellant did not file a post-sentence motion. On October 9, 2020, Appellant filed a premature Pa.R.A.P. 1925(b) statement, which stated issues identical to the issues he presents in his appellate brief. *See* Rule 1925(b) Statement, 10/9/20.

On October 19, 2010, Appellant filed a timely notice of appeal. The trial court did not order Appellant to comply with Rule 1925(b), but filed an opinion responsive to Appellant's premature Rule 1925(b) statement. *See* Trial Ct. Op. In relevant part, the trial court stated that Appellant's Rule 1925(b) statement was vague because it failed to identify the specific elements of each offense that Appellant wished to challenge. *See id.* at 4 (unpaginated). The trial court, however, also addressed the merits.[5] *See id.* at 5-6.

On appeal, Appellant raises the following issues, which we reordered to facilitate disposition:

1. Whether the evidence was legally and factually sufficient to prove that [Appellant] possessed or controlled a firearm.

---

[5] It is well settled that a vague challenge to the sufficiency of the evidence may result in waiver. *See Commonwealth v. Roche*, 153 A.3d 1063, 1072 (Pa. Super. 2017). Instantly, the trial court addressed Appellant's sufficiency claims in its Rule 1925(a) opinion, and the case against Appellant was relatively straightforward. Therefore, we decline to find waiver. *See Commonwealth v. Laboy*, 936 A.2d 1058, 1060 (Pa. 2007) (*per curiam*). We add that Appellant is limited to the issues raised in his voluntarily filed Rule 1925(b) statement. *See Commonwealth v. Snyder*, 870 A.2d 336, 341 (Pa. Super. 2005) (holding the appellant waived issues not presented in a voluntary Rule 1925(b) statement even though the trial court did not order the appellant to comply with Rule 1925(b)).

2. Whether the evidence was legally and factually sufficient to prove that [Appellant] intentionally received, retained, or disposed of movable property of another with the knowledge that it was stolen.

3. Whether the evidence was legally and factually sufficient to prove that [Appellant] carried a firearm outside of his home without a permit.

4. Whether the evidence was legally and factually sufficient to prove that [Appellant] intentionally sold or otherwise transferred a firearm.

5. Whether the evidence was legally and factually sufficient to prove that [Appellant] possessed a firearm with the manufacturer's number altered, changed, removed, or obliterated.

Appellant's Brief at 4 (formatting altered).

We summarize Appellant's arguments in support of his initial four issues as they are identical. *See, e.g.*, *id.* at 11 (acknowledging most of his arguments are substantially similar). In support, Appellant argues that the Commonwealth's reliance on only Trooper Gavrish's testimony was insufficient. *Id.* at 9. In Appellant's view, the Commonwealth "could have done" more to identify him, such as obtaining video surveillance from a nearby store. *Id.* Appellant emphasizes that relying "upon a single person, without more, is inherently unreliable, and as such is insufficient . . . ." *Id.*; *accord id*. at 12-14.

The standard of review for a sufficiency challenged is well-settled:

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged

- 5 -

and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000) (citations omitted). "When an appellate court is required to review assertions that the evidence was insufficient to sustain the verdict, [*i.e.,*] no reliable evidence [was] presented as to each element of the offense charged," courts leave the question of credibility for the jury unless "the testimony is so inherently unreliable that a verdict based upon it could amount to no more than surmise or conjecture." *Commonwealth v. Karkaria*, 625 A.2d 1167, 1170 (Pa. 1993) (citation omitted); *accord Commonwealth v. Brown*, 52 A.3d 1139, 1157 n.18 (Pa. 2012) (stating that in "extreme situations where witness testimony is so inherently unreliable and contradictory that it makes the jury's choice to believe that evidence an exercise of pure conjecture, any conviction based on that evidence may be reversed on the grounds of evidentiary insufficiency, since no reasonable jury could rely on such evidence to find all of the essential elements of the crime proven beyond a reasonable doubt").

Further, "the uncorroborated testimony of a single witness is sufficient to sustain a conviction for a criminal offense, so long as that testimony can address and, in fact, addresses, every element of the charged crime."

***Commonwealth v. Johnson***, 180 A.3d 474, 481 (Pa. Super. 2018).  The

***Johnson*** Court rejected

> the notion that a single witness's testimony, alone, cannot be sufficient to establish every element of a criminal offense; it has no basis in constitutional, statutory, or case law.  To the contrary, a solitary witness's testimony **may** establish every element of a crime, assuming that it speaks to each element, directly and/or by rational inference.

***Id.*** at 479 (footnote omitted).

Instantly, the Commonwealth presented the testimony of Trooper Gavrish, who was present at the actual transaction, which occurred outside of Appellant's home.  ***See*** Trial Ct. Op. at 2-3 (unpaginated); N.T. Trial at 25-27, 36.  Trooper Gavrish unequivocally identified Appellant as the offender. ***See*** N.T. Trial at 23.  To the extent Appellant claims the Commonwealth "could have done" more to identify him, it is well settled that a single witness's testimony, *i.e.*, Trooper Gavrish's testimony, can establish his identity.[6]  ***See*** ***Johnson***, 180 A.3d at 479, 481.  After viewing the record in the light most favorable to the Commonwealth, as the verdict winner, we cannot say that Trooper Gavrish's testimony was so contradictory as to be inherently unreliable such that the jury's verdict was based on surmise or conjecture. ***See Karkaria***, 625 A.2d at 1170; ***accord Brown***, 52 A.3d at 1157 n.18.  For these reasons, Appellant is due no relief for his first four issues.

---

[6] We add that Mr. Rhodes testified that the gun was last seen within Appellant's reach.  ***See*** N.T. Trial at 16.

In support of his last issue, Appellant argues that the serial number of the firearm was legible, albeit scratched, and that Trooper Gavrish testified that he did, in fact, read the serial number in order to enter it into the CLEAN/NCIC system. Appellant's Brief at 10. Appellant reasons that under *Commonwealth v. Smith*, 221 A.3d 631 (Pa. 2019), the Commonwealth failed to establish that the serial number was materially changed or illegible.[7] *Id.* at 10-11.

The offense of possession of firearm with altered manufacturer's number is defined as follows: "No person shall possess a firearm which has had the manufacturer's number integral to the frame or receiver altered, changed, removed or obliterated." 18 Pa.C.S. § 6110.2(a).

In *Smith*, the defendant argued that he could not be convicted for violating Section 6110.2 because the number was "fully legible and identifiable despite some scratch marks." *Smith*, 221 A.3d at 634 (citation omitted). Our Supreme Court held that the term "altered" in Section 6110.2(a) was ambiguous and defined the term as requiring "that the [serial] number be changed in some material way, or in a manner which renders the number

---

[7] The Commonwealth's brief did not discuss *Smith* or otherwise argue the evidence was sufficient to sustain Appellant's conviction for possession of firearm with altered manufacturer's number. *See* Commonwealth's Brief at 7. The trial court similarly did not discuss *Smith*, and concisely stated, "[t]he evidence supports that the Appellant possessed the firearm and at the time the serial number was altered." Trial Ct. Op. at 5 (unpaginated).

illegible, in order to support a conviction thereunder." *Id.* at 638. The *Smith* Court explained that for the firearm at issue, "the scratch marks did not materially change the number in a way that made its accurate information less accessible, or render the number illegible to the naked eye." *Id.* at 639. Our Supreme Court concluded that "in order to establish that a manufacturer's number was 'altered' for purposes of Section 6110.2, the Commonwealth must establish that the number was changed in a material way, such as by making it look like a different number, or that it was rendered illegible, in whole or in part, to the naked eye." *Id.* at 640. The *Smith* Court therefore vacated the defendant's conviction and judgment of sentence, and remanded to this Court with instructions to remand to the trial court for resentencing. *Id.*

Instantly, as set forth above, the Commonwealth presented Trooper Gavrish, who testified that he could read the firearm's serial number although it was scratched. *See* N.T. Trial at 25. Similar to the Commonwealth in *Smith*, the Commonwealth here did not present testimony or otherwise introduce evidence that the serial "number was changed in a material way . . . or that it was rendered illegible, in whole or in part, to the naked eye." *See Smith*, 221 A.3d at 640. Therefore, because the evidence was insufficient as a matter of law, like the *Smith* Court, we vacate Appellant's Section 6110.2 conviction, affirm his remaining convictions, and vacate the judgment of sentence. *See id.*; *Widmer*, 744 A.2d at 751. Because the trial court imposed consecutive sentences, we must remand for resentencing. *See*

***Commonwealth v. Brown***, 26 A.3d 485, 510 (Pa. Super. 2011) (stating, "where this Court vacates a conviction in a multiple count appeal, and vacating the conviction upsets the trial court's overall sentencing scheme, this Court must remand for re-sentencing because sentencing lies within the sole discretion of the trial court" (citation omitted)); *cf. **Commonwealth v. Vanderlin***, 580 A.2d 820, 831 (Pa. Super. 1990) (holding, "if a trial court errs in its sentence for one count in a multi-count case, then all sentences for all counts will be vacated so that the court can re-structure its entire sentencing scheme" (citation omitted)).

We vacate Appellant's Section 6110.2 conviction and affirm his remaining convictions. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2021

- 10 -